EX PARTE WILLIAM WALKER.

*No. 3222.    Decided December 14.*

1.   **Habeas Corpus—Right of Bail—" Capital Offense."**—Section 11 of the Bill of Rights provides:   "All prisoners shall be bailable by sufficient sureties, unless for capital offenses, where the proof is evident."   Article 55 of the Penal Code defines a " capital offense " as one " for which the highest penalty is death," and article 609 of the Penal Code declares murder in the first degree to be a capital offense.

2.   **Same—Non-Age.**—It is a sound legal principle that " whenever the death penalty is abolished by law, the offense to which it was attached is no longer a capital offense."   Under our statutes (Penal Code, article 35,) a person who commits murder in the first degree before he arrives at the age of seventeen years can not be punished capitally, that is, with death.   By force of the statute, murder of the first degree, committed by a person under the age of seventeen years, is not a capital offense, and is. therefore bailable.

3.   **Same—Constitutional Law.**—Article 35 of the Penal Code, abolishing capital punishment as to an offender under the age of seventeen years, is constitutional.

HABEAS CORPUS on appeal from an order in chambers by Hon. George McCormick, Judge of the Twenty-fifth Judicial District.

The opinion discloses the case.   Bail is awarded the relator in the sum. of ten thousand dollars.

*M. Kennon,* for the relator.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—Applicant is in custody charged with murder in: the first degree, and upon an examination of the case on *habeas corpus* was denied bail, and has appealed to this court.

It is agreed that the proof is evident that the applicant is guilty of murder in the first degree.   It is also agreed that at the time applicant. committed the murder he was not seventeen, but was over sixteen years. of age.   Counsel for the applicant contends that, as under the law, the applicant can not be punished with death because he had not arrived at. the age of seventeen years at the time he committed the murder, therefore the case, *as to him,* is not a *capital* one, and he is entitled to bail.

"All prisoners shall be bailable by sufficient sureties, unless for capital. offenses, where the proof is evident."   Bill of Rights, sec. 11.   A "capi-- tal offense " is one for which the highest penalty is death.   Penal Code,.

art. 55. Murder in the first degree is a capital offense. Penal Code, art. 609. But a person who commits murder in the first degree before he arrives at the age of seventeen years, can not, under our statute, be punished capitally, that is, with death. Penal Code, art. 35.

Does this statute entitle the applicant to bail? We think it does. As *to him,* the punishment can not be death, and *his* offense is not therefore a *capital* one; for an offense is not *capital* which may not be punished with death. This statute abolishes capital punishment in all cases where the offender has not, at the time of the commission of the offense, arrived at the age of seventeen years. Whenever the death penalty is abolished by law, the offense to which it was attached is no longer a capital one. *In re* Perry, 19 Wis., 676. We conclude that by force of said statute the applicant is entitled to bail.

In an able brief and argument the Assistant Attorney-General questions the constitutionality of the statute exempting persons under seventeen years of age from the death penalty, upon the ground that it is class legislation, and contrary to the principles of our government. We do not regard the statute as obnoxious to this objection. It is not class legislation within the meaning of that term. Cooley's Const. Lim., p. 487, *et seq.* As to the policy of the statute, that was for the consideration of the Legislature, and it is not within the province of the courts to pass upon it. We believe that the Legislature had the power to enact the statute, and that it is a valid law.

It is our judgment that the applicant is entitled to bail, and he is granted bail in the sum of ten thousand dollars, upon the giving of which in accordance with law, he will be released from custody.

*Ordered accordingly.*

Judges all present and concurring.