Ex Parte Emil' and Louis Enderli.

No. 12262.   Delivered October 31, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, Judge.—Judgment was entered by the District Court of Gonzales County remanding relators to jail without bond, for the murder of William Whitehead, from which relators have appealed to this Court.

Two gun shot wounds appeared on the body of deceased, one a superficial wound about his groin, the other wound being in his back.   It was testified that the latter wound caused his death.   The relators are father and son.   The testimony for the State shows that the father looked through a window of a blacksmith shop, located deceased, called his son, Louis Enderli, who was carrying a shot-gun, and showed the boy where deceased was standing.   Louis Enderli then went into the blacksmith shop and shot deceased.

Upon the boy's return the father was heard to say, "Go back and give him another one, a good one," whereupon his son returned, shooting deceased in the back as he walked away. Three witnesses testified that Louis Enderli, the son, was only 15 years old. One witness for the State testified that he was 18 years old. Other witnesses testified to the good reputation of relators.

Art. 31, P. C., provides:

"A person for an offense committed before he arrived at the age of seventeen years shall in no case be punished with death."

By force of this article murder committed by a person under seventeen years old is per se bailable. Ex parte Walker, 28 Tex. Crim. Rep. 246. See also Munger v. State, 57 Tex. Crim. Rep. 384.

Art. 33, P. C., provides:

"If it appears that a minor was instigated or aided in the commission of an offense by a relation in the ascending line or by his guardian, or an apprentice under age by his master, or a wife by her husband, such relation, guardian, master or husband shall, at the discretion of the jury, in capital cases be punished by death, and in other cases the punishment shall be doubled."

"If the evidence is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that the offense has been committed; that the accused is the guilty agent, and that he would probably be punished capitally if the law is administered, bail is not a matter of right." Ex parte Smith, 23 Tex. Crim. App. 125.

We forego any discussion of the evidence because of the possible danger of injuring the rights of either the State or the accused on the trial of the case. We will confine ourselves, therefore, to the simple announcement that under the evidence and law above stated that as to relator Emil Enderli the judgment of the lower court should be affirmed and said relator remain in custody without bail and that as to relator Louis Enderli said judgment should be reversed and bail granted in the sum of $2500.00, and it is accordingly so ordered.

*Affirmed as to Emil Enderli.*
*Reversed as to Louis Enderli.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.