EARNEST HAMILTON v. THE STATE.

No. 13284. Delivered May 21, 1930.
Rehearing denied June 25, 1930.
Reported in 29 S. W. (2d) 393.

The opinion states the case.

*W. W. Alcorn,* of Fort Worth, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, four years in the penitentiary.

Only one bill of exception is found in the record. This apparently attempts to raise the question of former conviction, it being claimed that appellant had previous to the trial of the instant case been convicted of the offense of unlawfully manufacturing intoxicating liquor. Arts. 508 and 509, C. C. P. (1925), require that such a plea shall be made and verified by the affidavit of the defendant. We find no plea of former conviction of any character in the record. Construing this article, it has been ofttimes held that former conviction is a defense which must be specially pleaded. Samuels v. State, 25 Tex. Crim. Rep. 537; Lindley v. State, 57 Tex. Crim. Rep. 346; Stevenson v. State, 106 Tex. Crim. Rep. 111; Faubion v. State, 104 Tex. Crim. Rep. 90. Moreover it seems plain that the two offenses are not the same, though it is not necessary to so decide, under the facts of this case.

Believing the evidence sufficient and finding no reversible error properly presented for review by appellant, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, Presiding Judge.—The thought is advanced that insofar as Articles 508 and 509, C. C. P., are held to authorize the disregard of a plea of former conviction for want of verification, they offend against Section 14, Art. 1, of the Constitution of the state providing that one shall not, for the same offense, be twice put in jeopardy of life or liberty. The general subject of waiver of the plea of jeopardy has been before the court many times though, so far as the writer is aware, the exact question now raised has not been under specific discussion. Cases, however, in which noncompliance with procedure statutes have been regarded as a waiver of the plea are numerous. Among them are Johnson v. State, 26 Tex. Cr. App. 631, and Dunn v. State, 92 Tex. Cr. R. 126.

With the lights before us, we are constrained to overrule the motion for rehearing, and it is so ordered.

*Overruled.*