## BALLARD v. STATE.
### No. 5704.

Court of Civil Appeals of Texas. Amarillo.
Jan. 14, 1946.

L. A. Wicks, of Ralls, for appellant.

E. A. Watson, County Atty., of Crosbyton, for appellee.

PITTS, Chief Justice.

This proceeding was instituted by petition under the provisions of the Juvenile Delinquency Act, Article 2338—1, Vernon's Annotated Civil Statutes, against Dudley Ray Ballard, alleging that he was a delinquent male child twelve years of age. Upon a hearing without a jury before the trial court a judgment was rendered finding Dudley Ray Ballard to be a delinquent child subject to the orders of the trial court until he becomes twenty-one years of age, unless earlier discharged by the said court, and the trial court ordered him committed to the State's school for boys at Gatesville, Tex., for an indeterminate period of time, not extending beyond the time when he shall reach the age of twenty-one years, subject to modification or revocation. The record discloses that the child was committed to the said institution.

The record further discloses that Dudley Ray Ballard was not represented by an

attorney at the hearing but that he, joined by his father, W. P. Ballard, filed through an attorney of their choice his motion in due time for a new trial, which motion was by order of the trial court overruled, from which order an appeal was perfected to this court by appellants, Dudley Ray Ballard and his father.

Appellants complain, in effect, that the petition does not allege any violation of the Juvenile Delinquency Act; that the trial court erred in requiring or permitting the child, Dudley Ray Ballard, to testify against himself; that the trial court erred in hearing and considering testimony concerning offenses and misconduct of the child not alleged in the petition, and that the trial court's judgment is void because it does not state when the child will become twenty-one years of age, nor does it contain any other data from which it could be determined when the term of commitment would end.

The State, being represented by the County Attorney in the trial court, did not file a brief in this court or seek to uphold the judgment of the trial court.

■■ It has been held by the Supreme Court that the Juvenile Delinquency Act does not undertake to try, convict, and punish a child for the commission of a crime. The Act does define the term "delinquent child", and the definition furnishes the basis for proceedings against such a child, and the issue to determine at the hearing in such a case is whether or not the juvenile charged is a "delinquent child" within the meaning of the Act. Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, 151 A.L.R. 1217; Steed v. State, Tex.Sup., 183 S.W.2d 458, 460. It has likewise been held that two elements must necessarily be present before a child can be declared a delinquent child, namely, the child must be within the age limit set forth in section 3 of the Act (in the case of a boy, he must be over ten and under seventeen years of age), and that the child must have committed one of the enumerated acts set forth in the said section. Steed v. State, supra.

■ Omitting the formal parts of the petition in the instant case, the child was charged of "being twelve years of age, according to the best knowledge and belief of the petitioner," and it further charged that the child "injured public property, to-wit: a sewer pipe belonging to the City of Ralls, Texas, in Crosby County."

"A full and correct statement of all the facts given in evidence and of all the evidence adduced on the trial," approved by the County Attorney, appellants' attorney, and the trial judge, nowhere gives the child's age or makes any reference to its age or the date of its birth. The trial court's judgment recites in part:

"On this 24th day of October, 1945, came on to be heard before the Honorable Warren Hames, Co Court of Crosby County, Texas, sitting as a Juvenile Court in said County, the petition filed by the Roy E. Hillin, Sheriff of said County, alleging certain acts on the part of one Dudley Ray Ballard tending to constitute the said Dudley Ray Ballard delinquent child. And it appearing to the Court that all proper persons have had due notice as provided by law in such cases. And the court now having jurisdiction of the subject matter and of the parties proceeded with the hearing.

"The Court after hearing petition read and the evidence submitted finds that the Juvenile Dudley Ray Ballard is a delinquent child.

"It is therefore considered and adjudged by the court that the said Juvenile now comes under the jurisdiction of said court and shall continue under its care, guidance, and control, until he becomes 21 years of age, * * *."

But nowhere does the said judgment recite the child's age or the date of its birth, or make any reference to either.

In the case of Steed v. State, supra, two boys were being tried and the Supreme Court said: "The judgment is uncertain and indefinite as to when the minors should be discharged from the State Juvenile Training School for Boys at Gatesville, in that it does not state the dates of their twenty-first birthdays. Nor does it contain any other data from which it could be determined when the term of their commitment would end. It would serve no useful purpose to direct the trial court to correct this error in the judgment as provided for in Rule 434, because there was no testimony, as reflected by this record, introduced before the trial court from which such information could be ascertained. The law requires that: 'A judgment must be sufficiently definite and certain to define and protect the rights of all litigants, or it should provide a definite means of ascertaining such rights, to the end that ministerial officers can carry the judgment into

execution without ascertainment of facts not therein stated.' 25 Tex.Jur., pp. 456, 457, § 84; Tex.Jur.Supp.1939, p. 641, § 84. It therefore appears that the foregoing quoted provisions of the law have not been complied with."

The case was reversed for further proceedings by the trial court. The record in the instant case reflects the same lack of basic information in the statement of facts and the trial court's judgment that the Supreme Court found to be lacking in the Steed case, and the same rule should therefore prevail in the instant case.

■ Section 7 of the Juvenile Delinquency Act provides in part that in such cases the petition should allege "briefly the facts which bring said child within the provisions of this Act", and it is essential to show that the child committed one of the enumerated acts set forth in section 3 of the Act, as alleged in the petition. There are seven separate and distinct subdivisions set forth in section 3 of the Act, the violation of either of which, upon a proper allegation supported by sufficient evidence, will constitute child delinquency. The subdivisions apply to those:

"(a) who violates any penal law of this state of the grade of felony; ·

"(b) or who violates any penal law of this state of the grade of misdemeanor where the punishment prescribed for such offense may be by confinement in jail;

"(c) or who habitually violates any penal law of this state of the grade of misdemeanor where the punishment prescribed for such offense is by pecuniary fine only;

"(d) or who habitually violates any penal ordinance of a political subdivision of this state;

"(e) or who habitually violates a compulsory school attendance law of this state;

"(f) or who habitually so deports himself as to injure or endanger the morals or health of himself or others;

"(g) or who habitually associates with vicious and immoral persons."

The petition in the instant case charges that the child "injured public property, to-wit, a sewer pipe belonging to the City of Ralls, Texas." It does not charge that such was done in violation of "any penal ordinance of a political subdivision of this State," as is provided in subdivision (d) of section 3 of the Act, and no such claim is made anywhere in the record. The petition does not charge injury by "wilful," "malicious," or "mischievous" acts on the part of the child, and the charge could not therefore be a proper misdemeanor charge as provided in subdivisions (b) or (c) of section 3 of the Act or the provisions of the Penal Code pertaining to misdemeanors. The injury alleged could not come under either of the other subdivisions of section 3 of the Act. We have therefore concluded that the charges of injury alleged in the petition are insufficient to charge a violation of the Juvenile Delinquency Act and that appellants' point of error to that effect is sustained.

Appellants complain that the trial court erred in requiring or permitting the child to testify against itself without being warned of its rights in connection with such a matter. It has been held in cases hereinabove cited that a child cannot be compelled to testify against itself in such cases, but the statement of facts in the instant case does not reflect at whose instance the child was called to testify while it does show that the other witnesses were each called by the State. The record reveals that the child was not represented "by counsel during the trial," but the record shows the child's father was present, represented the child, and announced ready for trial when the case was called. The record does not, therefore, reveal that the trial court required the child to testify and, under the record, we have no way to determine whether or not error was committed by a failure to warn the child of its constitutional rights before it testified.

Appellants further complain that the trial court heard and considered evidence concerning extraneous matters and other alleged misconduct of the child not alleged in the petition and that hearsay evidence and statements made out of the presence and hearing of appellants were considered by the trial court in arriving at its findings in support of the judgment rendered. It is agreed by stipulation and the trial court states that he, in pronouncing sentence on the child and rendering judgment in the case, heard and considered statements made to him out of the presence and hearing of appellants and that such statements were not made at the trial. Particularly, did the trial court admit hearing such statements made by the child's school teacher about its being absent from school and its attitude in school. The statement of facts

**332**

reflects that hearsay testimony, appearing to us to be material, was heard by the trial court and that testimony concerning extraneous matters not alleged in the petition was heard on the trial. Particularly was evidence heard about the child being absent from school at different times without the consent of its parents and about the child being suspected of having committed other offenses.

 The accused in such cases should be faced by the witnesses who give evidence against him and should be permitted to hear such evidence and have an opportunity to cross-examine the witnesses. The evidence given in such cases should also be confined to the charges alleged in the petition filed in the case. We are of the opinion, therefore, that the trial court erred in considering statements of a material nature made to him out of the presence and hearing of appellants. It was likewise error for the trial court to hear and consider hearsay evidence of a material nature and to hear and consider evidence about extraneous matters and misconduct of the child with which it was not charged in the petition presented in the case.

 It appears that one of the purposes of the Juvenile Delinquency Act is to make the Juvenile Court an agency to counsel with and to help guide and safeguard the best interests of a child brought before such court. The Act charges the Juvenile Court with the responsibility of helping to provide custodial protection of the child for its own good and, incidentally, for the protection of society. Section 13 of the Act wisely authorizes the child to be paroled to its parents or to some other fit person, subject to such terms as the trial court may determine. The Act gives the trial court many discretionary powers, but its powers are not unlimited and they should be cautiously exercised.

Because of the errors pointed out, the judgment of the trial court is reversed and, because of the apparent need of proper supervision for the child as reflected by the record, the cause is remanded and Dudley Ray Ballard is remanded to the jurisdiction of the trial court for its further supervision as a Juvenile Court, as provided for in the Juvenile Delinquency Act, as the same is construed by the Supreme Court in the cases hereinabove cited.

Reversed and remanded.