### EX PARTE JOHN ROSCOE BEGGS, JR.

No. 32,543. October 26, 1960

*Dewey Cox, Jr.,* Ranger, for petitioner.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The application filed on behalf of John Roscoe Beggs, Jr. attacks as void the 5-year-sentence under which he is presently confined in the penitentiary.

Attached to the application presented to the judge of the

district court of Eastland County are certified copies of motion to revoke probation, order revoking probation, and sentence in Cause No. 2028 in the 84th Judicial District Court of Hutchinson County, Texas, which appear to be regular.

The contention that the sentence is void, and the judgment on which it is based is void, is predicated upon the further contention that Beggs had been previously tried and convicted upon the same indictment, and granted probation, and that the court's order granting his motion for new trial and setting aside that judgment was void because the term of court had expired.

Ex parte Minor, 167 Tex. Cr. Rep. 170, 319 S.W. 2d 114, is the only authority cited by appellant to sustain his contention that a trial judge is without authority to grant the defendant's application for a new trial after the term of court had expired.

As pointed out in Ex parte Minor, we were there dealing with a case where sentence had been imposed. Imposition of sentence had been suspended in the case in which Beggs was granted a new trial, hence Ex parte Minor has no application.

Be this as it may, the application for habeas corpus is nothing more than a collateral attack upon the conviction based upon the claim of former conviction. Such question cannot be raised on habeas corpus. See cases cited under Art. 508 V.A.C.C.P., Note 15.

The application is denied.