Nickey Lynn **OSBORNE** et al., Appellants,

v.

**STATE** of Texas.

No. 7021.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 13, 1961.

Lawing & Hazlett, Borger, for appellants.

John L. David, Dalhart, for appellees.

NORTHCUTT, Justice.

Petition was filed in the Juvenile Court of Hutchinson County, Texas, contending Nickey Lynn Osborne was a delinquent child in that he committed a crime of the grade of felony under the penal code of the State of Texas. Vernon's Ann.P.C. art. 47. The petition alleged the felony to be that on or about the 21st day of September A.D. 1959, Nickey Lynn Osborne did seduce by promise to marry and have carnal knowledge of (naming the young lady) a female under the age of 25 years. The case was tried to a jury upon one special issue as follows: "Do you find from a preponderance of the evidence that the minor child, Nickey Lynn Osborne, is a delinquent child, as that term is herein defined to you?" The jury answered, "We do find him delinquent." The court's charge stated what constituted a delinquent child stating as part thereof it is one "Who violates any penal law of the state of the grade of felony." The court did not give any definition of the offense with which Nickey was charged.

The issue that determines whether the child was delinquent or not is did he commit the offense with which he was charged. That was the issue to be determined by the jury. It was necessary to charge in writing and prove the specific violation of the penal laws committed by Nickey Lynn Osborne relied upon by the state to show he was a delinquent child.

Dearing v. State, 151 Tex.Cr.R. 6, 204 S.W. 2d 983; Robinson v. State, Tex.Civ.App., 204 S.W.2d 981; Reeves v. State, 144 Tex. Cr.R. 270, 162 S.W.2d 705.

■ Nickey was charged with being a delinquent child because he seduced by promise to marry and for carnal knowledge of the young lady named in petition. There is no evidence in this record that Nickey promised to marry the young lady if she would permit him to have intercourse with her. Especially is this true since the young lady herself testified no promise of marriage was made. There is an abundance of evidence that both Nickey and the young lady wanted to get married but were prevented from doing so by their parents. The young lady in answer to questions propounded to her testified as follows:

"Q. What grade are the two of you in in school? A. Juniors.

"Q. Now, your testimony concerning your first relationship, would you say that that was on or about the 21st day of September of '59, as alleged in the complaint? A. Yes, sir.

"Q. Now, your testimony about that, what brought about the particular act; did you and Nickey discuss it? A. No, sir.

"Q. You didn't have any words; it just kinda all 'come naturally?' There wasn't any words about it at all? A. No, sir.

"Q. Do you recall saying something after you had completed the relationship along the line of, 'Well, what are you going to do if I should become pregnant;' do you recall that? A. Yes, sir.

"Q. That was after the act was completed. Was it then that Nickey said that he would probably marry you? A. Yes, but before it happened we had already talked about getting married again.

"Q. Well, did Nickey say, 'If you will let me, I promise I will marry you right away?' A. No, sir, he didn't.

"Q. It is just something that came out of your going steady and your feelings toward each other. You just assumed that the two of you would be married, and he assumed the same thing? A. Yes, sir."

There is no question but what a great mistake has been made but it is not for us to condemn or condone the past acts committed but must pass on the case as presented in this record since we think the state failed to sustain the burden of proof requested as pleaded. We think the trial court should have sustained appellants' request for an instructed verdict and we sustain appellants' point of error one. Judgment of the trial court is reversed and rendered.