WILLIAM CARROL PERRY V. STATE

No. 33,480.   October 2, 1961

*Raeburn Norris,* Houston, for appellant.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., F. M. Hooey, Erwin G. Ernst,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is murder; the punishment, life.

The indictment was returned August 5, 1960, and trial was had November 18, 1960.

The undisputed evidence showed that on August 30, 1959, the date of the killing, appellant was 16 years of age, and the court in his charge gave effect to Art. 31 P.C., which provides that a person, for an offense committed before he arrived at the age of 17 years, shall in no case be punished with death.

The evidence shows without dispute that, shortly before 1:00 A.M. on the night in question, the appellant and William Bagley secured a pistol and boarded a Houston Transit System bus for the purpose of robbing the operator. ·

After riding a short distance, the appellant and Bagley signaled for a stop, walked to the front of the bus, demanded the money from the operator and took the money changer containing some $3.70, and the transfer punch. Appellant then shot the operator twice with a .22 caliber pistol, causing his death shortly thereafter.

Prior to announcing ready for trial appellant filed five motions to quash the indictment herein, all based upon the fact that the appellant was adjudged to be a juvenile delinquent and committed to the custody of the Texas Youth Council upon a petition filed in Juvenile Court alleging that he unlawfully carried a pistol at the same time and place the indictment alleged that he murdered the deceased.

Evidence was introduced upon said motions, and all were overruled.

The evidence shows without dispute that a petition was filed in Juvenile Court on September 15, 1959, alleging William Carrol Perry to be a delinquent child "in that on or about the 30th day of August, 1959, he did unlawfully carry on and about his person a pistol" and he was committed to the custody of the Texas Youth Council; that on September 14, 1959, William Bagley was indicted for the murder of the bus driver but the grand jury, being informed that he was 16 years of age, took no action against the appellant; that a new grand jury is empaneled in Harris County every three months; that the case against the appellant was next presented to the grand jury for the August 1960 term, the district attorney having purposely waited until the appellant was 17 years of age before presenting the matter; that the appellant became 17 years of age on August 3, 1960, and was indicted on August 5, 1960.

It is settled law in this state that one who commits a crime at an age within that prescribed by the juvenile law is, nevertheless, amenable to criminal prosecution for that crime upon attainment of the age of 18 years in case of a female person, and 17 years in case of a male person. Dendy et al v. Wilson et al, 142 Tex. Cr. R. 460, 179 S.W. 2d 269; Dearing v. State, 151 Tex. Cr. R. 6, 204 S.W. 2d 983; Elliott v. State, 168 Tex. Cr. Rep. 140, 324 S.W. 2d 218; Peterson v. State, 156 Tex. Cr. R. 105, 235 S.W. 2d 138; and Roberts v. State, 153 Tex. Cr. Rep. 308, 219 S.W. 2d 1016.

The cases cited sustain the trial court's action in overruling the motions to quash the indictment.

Art. 180 C.C.P. provides that an indictment for murder may be presented at any time.

The responsibility for presenting indictments in felony cases in this state rests upon the various grand juries which, with or without the consent, knowledge or participation of their district attorneys, have full power to investigate suspected offenses and to return such indictment as they see fit. No district attorney has authority to compel a grand jury to return an indictment nor power to prevent their doing so.

Appellant seeks to distinguish the Dearing case by the fact that Dearing was adjudged a juvenile delinquent for acts not connected with the offense for which he was indicted. Even though we should agree that the juvenile court judgment was a conviction for the offense of unlawfully carrying a pistol, it is well settled that such a conviction would not bar a subsequent conviction for murder, though the pistol was used in the killing and both offenses were alleged to have been committed on or about the same day. Nichols v. State, 37 Tex. Cr. R. 616, 40 S.W. 502; Ford v. State, 56 S.W. 918; Young v. State, 87 Tex. Cr. R. 184, 222 S.W. 1103; Thomas v. State, Tex. Sup. Ct., 40 Tex. 36.

The judgment is affirmed.