### Ex parte Billie Thomas ADAMS.

### No. 37526.

Court of Criminal Appeals of Texas.

Oct. 28, 1964.

Rehearing Denied Nov. 25, 1964.

Will Gray, Houston, for relator.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Relator, an inmate of the Texas Department of Corrections, seeks his release by writ of habeas corpus, alleging that the fifty-year sentence under which he is confined is void because he was permitted to waive a jury and enter a plea of guilty to the capital offense of murder.

Reliance is had upon the decisions of this court which hold that under the Constitution and laws of this State a jury cannot be waived by an accused in a capital case. Art. 1, Constitution of Texas, Vernon's Ann.St.; Arts. 10, 10a, 11, and 12, Vernon's Ann.C.C.P.; Kemp v. State, 159 Tex.Cr.R. 110, 261 S.W.2d 573; Ex parte Stewart, 155 Tex.Cr.R. 479, 236 S.W.2d 799; Ex parte Traxler, 147 Tex.Cr.R. 661, 184 S.W. 2d 286; Ex parte Padgett, 161 Tex.Cr.R. 498, 278 S.W.2d 865.

While the record reflects that relator's confinement is under a judgment and sentence entered in Cause No. 10,700, in the 20th Judicial District Court of Milam County on August 20, 1952, upon his waiver of a trial by jury and plea of guilty to an indictment charging the offense of murder with malice aforethought, it is further shown that before relator was permitted to waive a jury and enter his plea it was established by competent evidence that he was under the age of seventeen years on the date the offense charged against him was committed but was over the age of seventeen years on the date the indictment was returned against him and on the date he entered his plea of guilty thereto.

Art. 31, Vernon's Ann.P.C., provides:

"A person for an offense committed before he arrived at the age of seventeen years shall in no case be punished with death."

It has been held that, by force of this article, murder committed by a person under seventeen years of age is not a capital offense and is, per se, bailable. Ex parte Walker, 28 Tex.App. 246, 13 S.W. 861; Ex parte Enderli, 110 Tex.Cr.R. 629, 10

S.W.2d 543. In Walker v. State, 28 Tex. App. 503, 13 S.W. 860, it was held that in a prosecution for murder where it was admitted by the state that the accused was under seventeen years of age when the offense was committed, it was not a "capital case" and the accused was not entitled to a special venue.

Applying such reasoning to the facts here presented, we hold that when proof was made that relator was under seventeen years of age when the offense was committed, the case pending against him was no longer a capital case and he could waive a trial by jury and enter his plea of guilty before the court.

The contention that the judgment of conviction is void is overruled.

The relief prayed for is denied.

Opinion approved by the Court.