**Ex parte Richard SAWYER.**

**No. 37675.**

Court of Criminal Appeals of Texas.

Dec. 16, 1964.

Rehearing Denied Feb. 3, 1965.

Hal J. Putman, Rivera & Ritter, by Raul Rivera, San Antonio, for appellant.

James E. Barlow, Dist. Atty., M. C. Gonzales, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

By habeas corpus proceeding brought under the provisions of Art. 119, Vernon's Ann.C.C.P., petitioner attacks the sentences under which he is confined in the Texas Department of Corrections, namely:

Sentence in Cause No. S–61553 in the 175th District Court of Bexar County upon an indictment for murder of Marjory Jo Sawyer, and

Sentence in Cause No. S–61554 in the same court upon an indictment for the murder of William C. Sawyer.

These sentences were pronounced on February 7, 1963, and are concurrent sentences for a term of not less than 2 nor more than 10 years from and after November 30, 1960.

The convictions were upon pleas of guilty before the court without a jury. Petitioner was under 17 at the time of the offenses but over 16 at the time the indictments were returned, hence the cases were not capital cases. See Art. 31, Vernon's Ann.P.C.; Ex parte Adams, Tex.Cr.App., 383 S.W.2d 596; Ex parte Walker, 28 Tex.App. 246, 13 S.W. 861; Ex parte Enderli, 110 Tex.Cr.R. 629, 10 S.W.2d 543.

The two convictions are attacked as void and petitioner's confinement under such ten year sentences is claimed to be unlawful by reason of the proceedings of the Juvenile Court and petitioner's commitment and restraint in the Gatesville State School for Boys.

The Hon. John F. Onion, Jr., after hearing, granted the writ and made it returnable before this Court as authorized by Art. 119 C.C.P.

The record of the hearing before Judge Onion reveals the following.

On the night of April 2, 1960, petitioner, then 15 years of age, shot and killed his parents.

On April 4, 1960, petitioner, who had been referred to the Bexar County Juvenile Office following the shooting, was committed to the Bexar County School for Boys. The next day a petition was filed by the then Criminal District Attorney in Juvenile Court representing that petitioner was over 10 and under 17 years of age and appeared to be a delinquent child and alleging: "the following facts, which he says constitutes the said Richard Sawyer a delinquent child, to wit: *Said child has violated the Penal Code of the State of Texas of the grade of felony.*"

On May 5, 1960, judgment was rendered in Juvenile Court declaring petitioner to be a delinquent child and committing him to the care, custody and control of The Texas Youth Council, and ordering that he be conveyed to the Gatesville State School for Boys.

He remained in said school until he was returned to Bexar County to answer the indictments for murder.

The record, including the testimony of the Honorable Joe Frazier Brown, who presided and entered the order declaring the petitioner herein a delinquent child, shows that evidence was introduced as to both murders and the Juvenile Court acted upon such evidence, though there was no allegation and no finding that petitioner committed either.

Petitioner relies upon and seeks to bring himself under the majority holding of this Court in Garza v. State, 369 S.W.2d 36.

While Garza v. State, supra, was not decided upon the theory of former conviction, it is significant that except for the fact that Juvenile Proceedings are civil in nature and need not rest upon an indictment, all of the essential elements for a plea of former conviction or double jeopardy were present in Garza's case, but are lacking in the case before us.

In Dearing v. State, 151 Tex.Cr.R. 6, 204 S.W.2d 983, it was held that acts not set forth in the pleadings in a juvenile case cannot be relied upon to establish delinquency. See also Ballard v. State, Tex.Civ. App., 192 S.W.2d 329; Osborne v. State, Tex.Civ.App., 343 S.W.2d 467.

Petitions such as filed against petitioner in Juvenile Court have been held to be fatally defective. Carter v. State, Tex. Civ.App., 342 S.W.2d 593.

In Garza v. State, supra, only one offense was shown to have been committed and it was alleged both in the juvenile proceedings and in the indictment.

In Martinez v. State, 171 Tex.Cr.App. 443, 350 S.W.2d 929, the offense alleged in Juvenile Court was assault to rob, whereas the conviction under the indictment was for murder.

In Perry v. State, 171 Tex.Cr.R. 282, 350 S.W.2d 21, carrying a pistol was the ground alleged in Juvenile Court, and the conviction was for murder.

In Lopez v. State, 171 Tex.Cr.R. 552, 352 S.W.2d 106, commitment as a juvenile, after the killing, was on allegation that Lopez was incorrigible and habitually ran away from home. Conviction was under indictment for murder.

Hultin v. State, 171 Tex.Cr.R. 425, 351 S.W.2d 248, appears to be a case more nearly in point under the facts before us than Garza v. State, supra. The petition filed by the district attorney in Juvenile Court alleged that Hultin committed an assault upon one Lethcoe. Hultin's counsel filed a supplemental petition alleging that he voluntarily and with malice aforethought killed Linda Faye Ruble by stabbing her with a knife.

The Juvenile Court heard evidence as to both the assault upon the boy Lethcoe and the murder of the girl, Linda Faye Ruble,

including Hultin's confession and plea of guilty, and Hultin was found to be a delinquent child on account of the commission of both the assault and the murder.

■ In none of the cases just cited has this Court considered as controlling the fact that the Juvenile Court, in declaring the defendant a delinquent child, heard evidence or considered the fact that the defendant committed the offense for which he was subsequently indicted and convicted in addition to the offense pleaded in the Juvenile Court.

As has been pointed out, neither of the murders by petitioner was alleged in the petition in Juvenile Court. Had the district attorney's petition alleged that petitioner murdered *one* of his parents, none of the prior decisions of this Court would support an attack upon his conviction for the separate offense of murder of his other parent.

It is the view of the writer that the holding in Garza v. State must be confined to the facts of that case and that it does not support petitioner's attack upon the two sentences for murder under which petitioner is confined.

The relief prayed for is denied and the petitioner is remanded to custody of the Texas Department of Corrections.

McDONALD, Judge (concurring).

I only concur with Presiding Judge WOODLEY in the disposition of this case. I do not agree with him at all for the reasons that he states in his opinion. I can make no distinction whatsoever in this case and that of Garza v. State, 369 S.W.2d 36. I vigorously dissented in Garza's case both on original submission and on rehearing. I thought that Garza's case was wrong, and I still think that it is wrong. I think that Garza should be overruled. Garza was not convicted of murder in the Juvenile Court either. He was adjudged to be a delinquent child because he

had committed the felony offense of murder, just as this boy was adjudged a delinquent child because he had murdered both his parents.

I have long taken the position that the Juvenile Act is entirely civil in nature, not criminal. This position was clearly stated by the writer in the opinion that he wrote in Hultin v. State, 171 Tex.Cr.R. 425, 351 S.W.2d 248. Being civil in nature, jeopardy cannot and does not attach.

If Garza was not decided upon the theory of former jeopardy, then the opinion by the majority on the State's Motion for Rehearing in Garza does not mean what I read it to mean. Let's take a look, it says:

"In the present case it is undisputed that the appellant's conviction for murder is for the same act and offense for which he was, upon petition of the district attorney, adjudged a delinquent child and confined in the state school for boys. Under such facts, the conviction does violate the principles of fundamental fairness and constitutes a deprivation of due process and equal protection of the law."

I personally think this means double jeopardy. If it doesn't, then how did Garza's conviction violate the principles of fundamental fairness and constitute a deprivation of due process under the 14th Amendment?

Judge Woodley says in his opinion that this boy, Sawyer, was declared a delinquent child because he has violated the Penal Code of the State of Texas of the grade of felony. I ask, what felony? It must have been the two murders, those of his parents. None other were shown to have been committed. Judge Woodley further states in his opinion that "[t]he record, including the testimony of the Honorable Joe Frazier Brown, who presided and entered the order declaring the petitioner herein a delinquent child, shows that evidence was introduced as to both murders

and the Juvenile Court *acted upon such evidence,* though there *was no allegation and no finding that petitioner committed either.*" There could not have been under the laws of the State of Texas. The Juvenile Court has no jurisdiction to try murder cases. All that any juvenile may be tried upon in the Juvenile Court is a petition to determine whether or not he shall be adjudged and declared to be a delinquent child. The commission of a felony may be alleged as grounds for declaring the child delinquent. The hearing or trial in the Juvenile Court is to determine one thing and one thing only; that is, the status of the juvenile, not a determination of guilt or innocence of any crime, whether it be a felony or a misdemeanor.

I do not think that jeopardy attached in the Juvenile Court, as this court had no jurisdiction except in civil matters. If Garza, supra, was not decided upon jeopardy, the fact remains that there can be no deprivation of due process or violation of fundamental fairness under the 14th Amendment except in a criminal court.

I think that the opinion by Presiding Judge Woodley is another "legal fiction". My views have been heretofore fully expressed in my two dissenting opinions in Garza, supra, and my views in Hultin, supra.

I agree only with the last paragraph of his opinion in which he denies the relief prayed for and remands petitioner to the custody of the Texas Departments of Corrections.

MORRISON, Judge (dissenting).

When this case was originally submitted, Judge Dice prepared the following opinion which I approved:

"This is an application for writ of habeas corpus, presented to the Honorable John F. Onion, Jr., Judge of the 175th Judicial District Court of Bexar County, in which relator alleges that he is being illegally restrained of his liberty by the director of the Texas Department of Corrections, by virtue of two judgments of conviction rendered against him on February 7, 1963, in said 175th Judicial District Court.

"After presentation of the application, Judge Onion conducted a hearing thereon, under the provisions of Art. 119, V.A.C.C. P., and developed the facts which have been certified to this court, together with the return of the writ, for our final determination.

"The facts, as certified, reflect that on April 2, 1960, the relator killed his parents, William C. Sawyer and Marjory Sawyer, by shooting them with a gun. On such date, relator was fifteen years of age, having been born on the 17th day of August, 1944.

"On April 5, 1960, a petition was presented to the Honorable Joe Frazier Brown, Judge of the 150th District Court of Bexar County, by the criminal district attorney, in cause #12927, alleging that relator was a delinquent child and praying that he be so adjudged. In the petition it was alleged that the facts which constituted the relator a delinquent child were:

" 'Said child has violated the penal code of the State of Texas of the grade of felony.'

"On May 5, 1960, after notice and hearing, an order was entered in the cause by Judge Brown, sitting as a juvenile court, declaring the relator a delinquent child and committing him to the care, custody, and control of the Texas Youth Council 'for an indeterminate period of time not to exceed the time he shall have become twenty-one years of age.'

"After the entry of such order, relator was confined in the State School for Boys at Gatesville until November 30, 1962, when he was arrested and taken into custody by the sheriff of Bexar County under a bench warrant issued by the judge of the 175th Judicial District Court of Bexar County, in cause #S–61553 on the docket of said court, styled The State of Texas v. Richard

Sawyer, wherein the said defendant stood charged by indictment with the offense of murder with malice.

"On February 7, 1963, the relator, being at such time over seventeen years of age, entered his pleas of guilty to the indictments returned into the 175th Judicial District Court on November 28, 1962, in causes #S–61553 and S–61554, styled the State of Texas v. Richard Sawyer, charging him with the murder of his parents, and was assessed punishment in each case at confinement in the penitentiary for ten years. The sentence pronounced in each case provided:

" 'Said sentence to begin and operate from and after the 30th day of November, 1960, the date of defendant's incarceration.'

"It is shown that it is under these two judgments of conviction that relator is now confined in the Texas Department of Corrections.

"From the record it affirmatively appears that relator's convictions after attaining the age of seventeen years, in causes #S–61553 and S–61554, for the murder of his parents were for the same acts and offenses for which he had been previously adjudged a delinquent child and confined in the Gatesville State School for Boys. We need not discuss the question raised by the state with reference to the sufficiency of the petition filed by the district attorney to declare the relator a delinquent child, in view of the court's action thereon declaring him a delinquent child and his subsequent confinement in the Gatesville State School for Boys under such order.

"In Garza v. State, 369 S.W.2d 36, in an appeal from Bexar County, we held that the conviction of a defendant for murder violated principles of fundamental fairness and a deprivation of due process where prior to the conviction, which occurred after the defendant reached the age of seventeen years, upon petition of the district attorney the defendant had been adjudged a delinquent child on the basis of the same act of murder and had been held in custody as a delinquent child.

"The principles announced in the Garza case are here applicable and require that relator be ordered discharged from confinement under the judgments rendered against him on February 7, 1963, in the 175th Judicial District Court of Bexar County, in cause #S–61553 and S–61554, styled the State of Texas v. Richard Sawyer on the docket of said court.

"It is so ordered."

I cannot bring myself to agree that there is a valid substantial distinction between this case and Maximino Garza's case. In both cases the youths were confined in the State School for Boys for the offense for which they were later tried. If it violated fundamental fairness and constituted a deprivation of due process to indict, try and convict Garza for the identical offense for which he had been committed as a juvenile, then it surely violated fundamental fairness and constitutes a deprivation of due process to deny relief to this relator, who like Garza had committed no other offense against the law.

I vigorously dissent to the order denying relief herein just as I dissented to the affirmance of Mike Martinez's conviction in 1961 (Martinez v. State, 171 Tex.Cr.App. 443, 350 S.W.2d 929) and Ex parte Martinez, Tex.Cr.App., 386 S.W.2d 280.

## ON PETITIONER'S MOTION FOR REHEARING

WOODLEY, Judge.

The writer failed to point out a distinguishment between this case and Garza v. State, Tex.Cr.App., 369 S.W.2d 36, which should foreclose any question but that petitioner is not entitled to relief on the ground of former jeopardy.

Garza pleaded former jeopardy in his trial for murder and the question was before this Court on his appeal.

Petitioner attacks two murder convictions on his plea of guilty by habeas corpus, though no plea of former jeopardy was filed, no appeal was taken and the judgments of conviction are final.

 This Court has held that a plea of former jeopardy may be waived by failure to plead it and that Art. 508, C.C.P., relating to such plea, is constitutional. Hamilton v. State, 115 Tex.Cr.R. 243, 29 S.W. 2d 393; Ex parte Hunt, 118 Tex.Cr.R. 163, 40 S.W.2d 134. We said in Ex parte Beggs, 170 Tex.Cr.R. 162, 339 S.W.2d 527, that the claim of former conviction cannot be raised on habeas corpus. See also Ex parte Spanell, 85 Tex.Cr.R. 304, 212 S.W. 172; and Pitner v. State, 44 Tex. 578.

The cases cited are alone authority for denying relief to petitioner on the ground of former conviction.

The same is true as to Ex parte Martinez, Tex.Cr.App., 386 S.W.2d 280.

What has been said is not to be construed as suggesting that petitioner relies upon former jeopardy or that relief was granted Garza on that theory.

Garza's plea of former jeopardy on his trial for murder was on the ground that he was indicted for the identical crime for which he had been adjudged and committed as a juvenile delinquent. Only the question of the Juvenile Court proceeding being civil in nature, and the jurisdiction of the Juvenile Court to enter a judgment which would prevent prosecution under an indictment precluded Garza from successfully pleading former jeopardy.

While the distinguishment may be discreet, the writer concluded and remains convinced that because Garza had been committed and confined under a judgment of the Juvenile Court upon a petition alleging the identical and only offense he had committed, whereas an adult could have been at liberty under bond, Garza was denied due process and was entitled to relief on appeal.

On the other hand, in the cases of Martinez v. State, 171 TexCr.R. 443, 350 S.W.2d 929; Perry v. State, 171 Tex.Cr.R. 282, 350 S.W.2d 21; Lopez v. State, 171 Tex.Cr.R. 552, 352 S.W.2d 106; Hultin v. State, 171 Tex.Cr.R. 425, 351 S.W.2d 248, and other cases cited therein, the crime charged in the indictment was not that alleged in the petition upon which the defendant had been adjudged and committed as a juvenile delinquent. Unless these cases are wrong, petitioner is not entitled to discharge.

Petitioner's motion for rehearing is overruled.