### Ex parte Mike MARTINEZ.
#### No. 37611.

Court of Criminal Appeals of Texas.

Dec. 16, 1964.

Mike Martinez, pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

Petitioner, an inmate of the state penitentiary, brings this application for writ of habeas corpus in his own handwriting. When petitioner's conviction reached this Court on appeal, the writer shared the view of the majority and affirmed the case, from which position he has not departed. It is my view that the Juvenile Act and all hearings thereunder are civil and not criminal in nature. It necessarily follows that I do not believe that jeopardy attaches in juvenile courts as they are without jurisdiction of felony offenses.

My views are fully set forth in the opinion written by me in Hultin v. State, 171 Tex.Cr.R. 425, 351 S.W.2d 248, and in my dissenting opinions upon original submission and on rehearing in Garza v. State, Tex.Cr.App., 369 S.W.2d 36. The writer's views are further stated in his concurring opinion in Ex parte Sawyer, Tex.Cr.App., 386 S.W.2d 275.

Presiding Judge Woodley concurs in the disposition of this cause, his position and reasons being stated in his original opinion upon the appeal of this case, Martinez v. State, 171 Tex.Cr.R. 443, 350 S.W.2d 929.

Relief prayed for is denied.

MORRISON, Judge (dissenting).

When petitioner's conviction reached this Court on appeal, the writer dissented to the affirmance on the grounds that petitioner had once been in jeopardy and therefore could not, as I saw it, be constitutionally tried again for the same offense. I relied upon the holding in Doggett v. State, 130 Tex.Cr.R. 208, 93 S.W.2d 399, which I still feel is controlling. However, since the rendition of the opinion in petitioner's case, this Court has had a comparable situation before us in Garza v. State, 369 S.W.2d 36. Therein we said:

"To affirm this conviction in the light of the record would be to hold that, for an offense committed before he reached the age of 17 years, the offender who has committed no other offense against the law may, upon petition of the district attorney, be adjudged a delinquent child and held in custody as such, and without regard to how he may respond to the guidance and control afforded him under the Juvenile Act, be indicted, tried and convicted for the identical offense after he reaches the age of 17.

"We sustain appellant's contention that such a conviction violates the principles of fundamental fairness and constitutes a deprivation of due process under the 14th Amendment."

If Doggett v. State, supra, does not control, then surely what we said in Garza v. State, supra, should.

However, my brethren do not agree and this petitioner, who served his term in the State School for Boys for an offense committed when he was 13 years old, who was released and two years later was indicted for an offense growing out of the same transaction, now must continue to be confined under his life term conviction. I have stated my position fully in my dissent in Ex parte Sawyer, Tex.Cr.App., 386 S.W.2d 275.

Petitioner is before this Court without a lawyer and only the writer to speak for him, and I respectfully dissent from the order of this Court denying the relief prayed for.