**Ex parte Pete Anthony CONTELLA, Jr.**

**Ex parte Larry Lee McDOUGAL.**

**Nos. 45791, 45792.**

Court of Criminal Appeals of Texas.

July 19, 1972.

Rehearing Denied Oct. 11, 1972 in No. 45791.

Jim Skelton, Houston, for Pete Anthony Contella, and Robert B. Wallis and Richard Haynes, Houston, for Larry Lee McDougal.

Carl S. Vance, Dist. Atty. and James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

These are appeals from orders in habeas corpus proceedings refusing bail to appellants after indictment for murder with malice.

Art. I, Section 11 of the Texas Constitution, Vernon's Ann.St., provides, in part: "All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident. . . ." Art. 1.07, Vernon's Ann.C.C.P., likewise provides, in part: "All prisoners shall be bailable unless for capital offenses when the proof is evident." A capital felony is defined in Art. 47, Vernon's Ann.P.C. as "An offense for which the highest penalty is death. . . ."

"The term 'proof is evident' means the accused, with cool and deliberate mind and formed design, maliciously killed the deceased, and that upon a hearing of the facts before the court a dispassionate jury would, upon such evidence, not only convict but would assess the death penalty." Ex parte Paul, 420 S.W.2d 956 (Tex.Cr. App.1967). accord, Ex parte Short, 462 S.W.2d 281 (Tex.Cr.App.1971); Ex parte Perez, 428 S.W.2d 323 (Tex.Cr.App.1968).

■ In the case of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (U.S. June 29, 1972), the United States Supreme Court held that the death penalty, at least insofar as it is currently imposed in this country,[1] "constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments." That being the case, we conclude that the death penalty, as it is currently authorized, may not be imposed as a penalty for the crime of murder.

■ In light of this holding, the question which is before the Court is whether, in terms of our Constitution and statute, bail may now be denied in cases in which, prior to the holding in Furman v. Georgia, supra, the death penalty could have been imposed. We conclude that bail may not be denied in such cases.

This Court has been faced with a similar problem in the past. Art. 31, V.A.P.C., provides: "A person for an offense committed before he arrived at the age of seventeen years shall in no case be punished with death." The question which this Court has decided is whether, in light of this Article, a person who stands accused of committing murder while under seventeen years of age may be denied bail. The Court held that such a person may not be denied bail, as murder, when committed by a person under seventeen years of age, is not a capital offense because the death penalty cannot be imposed in such cases. Ex parte Enderli, 110 Tex.Cr.R. 629, 10

---

1. See the concurring opinions of Justice Stewart, 92 S.Ct. 2760, and Mr. Justice White, 92 S.Ct. 2763, and the dissenting opinions of Mr. Chief Justice Burger, 92 S.Ct. 2796, and Mr. Justice Black-mun, 92 S.Ct. 2812, for a suggestion that the death penalty is not per se unconstitutional, but is so only as it is now authorized and imposed.

**912**

S.W.2d 543 (1928); Ex parte Walker, 28 Tex.App. 246, 13 S.W. 861 (1889); Walker v. State, 28 Tex.App. 503, 13 S.W. 860 (1889); *see also*, Smith v. State, 455 S.W. 2d 748 (Tex.Cr.App.1970); Ex parte Sawyer, 386 S.W.2d 275 (Tex.Cr.App.1964); Ex parte Adams, 383 S.W.2d 596 (Tex.Cr. App.1964).

We therefore conclude that bail may no longer be denied on 'the ground that the offense is a capital offense and the proof is evident. Since the death penalty may not be imposed, there no longer exists a "capital felony" as defined in Art. 47, V.A.P.C. Likewise, since the death penalty is no longer a possible penalty, it is impossible for the State to offer evidence, in this or any other case, sufficient to establish that the "proof is evident" as that term is defined in Ex parte Paul, *supra*. Therefore, there is no case in which bail may be denied under the provisions of Art. I, Section 11 of the Texas Constitution or Art. 1.07, V.A.C.C.P.

The orders denying bail are reversed and the trial judge is ordered to set bail herein.

It is so ordered.

## OPINION ON STATE'S MOTION FOR REHEARING

DOUGLAS, Judge.

■ On original submission the judgments were reversed and bail was granted to each appellant. Since the opinion was written, it has been made to appear that the appellant McDougal has been tried for the offense of murder and has received a sentence of twenty-five years. He is, therefore, not entitled to bail under Article 44.-04, Section (h), Vernon's Ann.C.C.P., because he received more than fifteen years. Ex parte Nielssen, 446 S.W.2d 882 (Tex. Cr.App.). The question is moot.

■ It has also been shown that before the cause on appeal became final against the appellant Contella he had made bail and the matter was moot and the record so reflected before the motion for rehearing was considered. The mandate in the Contella cause should be and it is ordered withdrawn.

The judgments of reversal are set aside and the judgments are now affirmed.[1]

[1]. Nothing herein alters the holding in the original opinion.