BUFORD TARVER V. THE STATE.

No. 15970. Delivered June 7, 1933.
Rehearing Denied October 18, 1933.
Reported in 63 S. W. (2d) 554.

The opinion states the case.

*M. E. Lawrence,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Burglary is the offense; penalty assessed at confinement in the penitentiary for two years.

The evidence is summarized as follows: The harness house and barn of I. L. Gattis was broken into. A mule collar, handsaw, a brace, a drawer knife, and a belt used on a tractor when sawing wood, were taken from the buildings mentioned. The date of the offense was Sunday, August 21, 1932. The sheriff, Virge Foster, had knowledge of the offense and went to the town of Cisco on the 21st or 22nd of August to investigate the matter. Foster was acquainted with the appellant and observed him upon the street at Cisco. Appellant was driving an automobile in company with one Frank Brown. Appellant got out of the car and Brown attempted to escape but was overtaken by Woods, an officer who was with Foster. The mule collar was in the appellant's automobile. It was delivered to Gattis who identified it. In the possession of Mayhew, a dealer in second-hand merchandise, at Cisco, the officers found the brace and drawer knife which were identified as stolen and delivered to the sheriff. The property had been purchased by Mayhew from Frank Brown.

There is much circumstantial testimony tracing the movements of the appellant. The necessity of reciting it in this opinion is not perceived. Suffice it to say that the testimony introduced by the state tends to support the case as made out by the state's witnesses.

In the charge of the court the meaning of the words "breaking," "entry," "house," and "daytime" are stated in approved terms. The elements of the offense are properly set out.

The charge on principals and circumstantial evidence was unexceptionable. The court used the following language:

"Now, bearing in mind the foregoing definitions, * * * if you believe from the evidence, beyond a reasonable doubt, that the defendant, Buford Tarver, on or about the 21st day of August, 1932, as alleged, in the County of Eastland, and State of Texas, by force and in the day time, did break and enter the

house of I. L. Gattis as charged in the indictment with intent to commit theft, you will find him guilty of burglary, and so say by your verdict."

Bill of Exception No. 1 reflects the complaint of the charge of the court defining "breaking." The language used is as follows:

"* * * that said error being to the injury and prejudice of the defendant in charging the jury and defining the breaking as applied to the facts in this, 'opening of a closed door,' etc."

As stated above, the definition of "breaking" was properly given in the court's charge. The use of the language quoted, in applying the law to the facts, is not regarded as in any sense improper.

Bill No. 2 complains of the failure to postpone the trial. In qualifying the bill the court states that there was no written motion made asking a postponement or continuance of the case; that the court offered to continue the case but appellant declined and stated that he wanted a postponement until he could find his witnesses; that the court postponed the case but the witnesses were not found. No application for a continuance was made.

Bill No. 3 is to the same effect as bill No. 2.

Bill No. 4 challenges the sufficiency of the evidence and complains of the failure of the court to give an instructed verdict.

We perceive no error in the trial.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for rehearing on the ground that we erred in our opinion in stating that no application for continuance appeared. We have again examined the record and adhere to the former announcement.

The motion for rehearing is overruled.

*Overruled.*