**Ex parte Charles Fisk NIELSSEN.**

**No. 42244.**

Court of Criminal Appeals of Texas.

Nov. 12, 1969.

No attorney on appeal, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from an order denying bail on appeal in a habeas corpus proceeding. Appellant was convicted for the offense of robbery by assault. A prior conviction was alleged for enhancement purposes; the punishment was assessed at life.

Article 44.04, Vernon's Ann.C.C.P., provides, among other things, for bail on appeal, but Section (h) provides:

"If the punishment assessed exceeds fifteen years confinement, the defendant shall be placed in custody of the sheriff and the bail thereby considered discharged immediately upon the return into court of the verdict as to punishment, or if the minimum punishment possible under the law exceeds fifteen years, then immediately upon the return into court of the verdict of guilty."

The Legislature, in the above Article, has specifically provided that one who has been assessed a penalty in excess of fifteen years is not entitled to bail on appeal.

Appellant contends that his constitutional rights have been violated because the trial court denied bail. In Ex parte McBride, 108 Tex.Cr.R. 618, 2 S.W.2d 267, the punishment was assessed at forty-five years in a murder case and bail was denied. This Court held that Article I, Sec. 11 of the Texas Constitution, Vernon's Ann.St., which provides that "all prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident," has reference to prisoners before conviction, and that prisoners after conviction are not guaranteed the right to bail.[1]

1. For discussion of this rule in Federal procedure see United States v. Piper, D.C., 227 F. Supp. 735.

Appellant further contends that because of the length of time it would take to get a transcription of the court reporter's notes bail should be granted. The date for the filing of the transcription of the court reporter's notes was January 30, 1969. Two days before, on January 28, appellant requested a one year extension of time due to the "status of the court reporter" and that there were a number of pending cases to be completed. The court granted an extension to April 1, 1970.

Ray Epps, appellant's counsel, testified that the request for the extension of time was made because the court reporter had informed him that it would take a year for her to prepare the statement of facts.[2]

Appellant is in no position to complain because of a delay that he requested.

The relief sought is denied.

2. It has been made to appear that a transcription of the court reporter's notes has been completed and is now on file with the District Clerk of Harris County.