**Ex parte Ben BITELA.**

**No. 42842.**

Court of Criminal Appeals of Texas.

March 25, 1970.

———◆———

Chappell & McFall, by John R. McFall, Lubbock, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from an order denying bail on appeal in a habeas corpus proceeding.

Appellant was convicted for possessing marijuana; his punishment was assessed at twenty-five years. Appellant contends that his constitutional rights have been violated because the trial court denied bail.

In Ex parte McBride, 108 Tex.Cr.R. 618, 2 S.W.2d 267, the punishment was in excess of fifteen years and bail on appeal was denied. This Court held that Article I, Section 11 of the Texas Constitution, Vernon's Ann.St., which provides that "all prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident," has reference to prisoners before conviction, and that prisoners after conviction are not guaranteed the right to bail.

In Prince v. State, 169 Tex.Cr.R. 559, 336 S.W.2d 140, it was held one who had appealed a conviction after being assessed a penalty of more than fifteen years had a status equivalent to that of an escapee.[1]

This Court recently held in Ex parte Nielssen, 446 S.W.2d 882, that no constitutional right was violated where bail had been denied on appeal where the penalty assessed was in excess of fifteen years.[2]

Article 44.04, Vernon's Ann.C.C.P., provides among other things, for bail on appeal, but Section (h) specifically provides that one who has been assessed punishment which exceeds fifteen years is not entitled to bail on appeal.

The relief sought is denied; the judgment of the trial court is affirmed.

1. See Huffman v. Beto, 382 F.2d 777 (5th Cir. 1967).

2. For discussion of this rule in Federal procedure see United States v. Piper, D.C., 227 F.Supp. 735. The Supreme Court of the United States denied certiorari where the Court of Appeals for the Seventh Circuit had held that one convicted in a state court in Illinois had no constitutional right to bail on appeal. Hairston v. Pate, 397 U.S. 971, 90 S.Ct. 1086, 25 L.Ed.2d 265 (1970).