**Ex parte Witmer Jean BALLARD.**

**No. 50415.**

Court of Criminal Appeals of Texas.

July 16, 1975.

**24**

No Attorney on Appeal.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

### OPINION

DOUGLAS, Judge.

This is an appeal from the denial of relief after a habeas corpus hearing for bail.

Petitioner's application for writ of habeas corpus alleged that he was being held by virtue of two indictments, one for murder with malice and one for robbery by firearms. Petitioner had previously been convicted for the murder in 1973. The jury assessed punishment at death. It was commuted to life imprisonent through executive clemency. The conviction was reversed, Ballard v. State, 519 S.W.2d 426 (Tex.Cr.App.1975).

At the habeas corpus hearing the judge was apparently under the impression that bail which had been set on appeal was in effect. Where one is convicted and the punishment assessed exceeds fifteen years, he is not entitled to bail. Article 44.04, Vernon's Ann.C.C.P., and Ex parte Bitela, 452 S.W.2d 501 (Tex.Cr.App.1970). Therefore, the previously set bail was void. Since the conviction was reversed and remanded for new trial, the case is in the same position as if a new trial had been granted by the court below. Article 44.29, V.A.C.C.P. When such a case is reversed, the defendant therein "shall be released from custody,

upon his giving bail as in other cases when he is entitled to bail." Article 44.32, V.A.C.C.P. Neither indictment under which petitioner is held is a capital offense; therefore, he is entitled to bail in a reasonable amount. Ex parte Contella, 485 S.W.2d 910 (Tex.Cr.App.1972).

This case is remanded to the trial court for the determination of a reasonable amount of bail which should be set consistent with the rules stated in Article 17.15, V.A.C.C.P., and Ex parte Roberts, 468 S.W.2d 410 (Tex.Cr.App.1971).

It is so ordered.