Ex parte Frank SMITH (two cases).

Nos. 55746, 56146.

Court of Criminal Appeals of Texas.

Sept. 21, 1977.

William V. Dunnam, Jr., Waco, for appellant.

Ronald D. Earle, Dist. Atty. and Phillip A. Nelson, Jr., Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

These are appeals from orders denying bail. The appellant is indicted in Cause No. 52,244 in the 147th District Court of Travis County; both of these appeals are from orders denying bail on this charge. The order denying bail in our Cause No. 55,746 was entered on August 1, 1977 in the 147th District Court of Travis County. A docket entry in the record shows that the cause was transferred from the 147th District Court of Travis County to the 216th District Court of Gillespie County on August 18. The order denying bail in our Cause No. 56,146 was entered on September 12 in the 216th District Court of Gillespie County. The records are substantially the same, and we have consolidated these appeals.

The appellant was indicted on January 26, 1977. He was charged with committing the offense of aggravated robbery; two prior felony convictions were alleged to enhance the penalty. In *Ex parte Smith*, 548 S.W.2d 410 (Tex.Cr.App.1977) on a prior appeal from an order denying bail on the same charge, this Court held that the trial court had properly denied appellant bail under the authority of the Texas Constitution, Article 1, Section 11a, V.A.T.C. which provides:

"Any person accused of a felony less than capital in this State, who has been theretofore twice convicted of a felony, the second conviction being subsequent to the first, both in point of time of commission of the offense and conviction therefor may, after a hearing, and upon evidence substantially showing the guilt of the accused, be denied bail pending trial, by any judge of a court of record or magistrate in this State; provided, however, that if the accused is not accorded a trial upon the accusation within sixty (60) days from the time of his incarceration upon such charge, the order denying bail shall be automatically set aside, unless a continuance is obtained upon the motion or request of the accused; provided, further, that the right of appeal to the Court of Criminal Appeals of this State is expressly accorded the accused for a review of any judgment or order made hereunder."

The cause was originally set for the trial on March 28 in the 147th District Court of Travis County. On March 22 the judge of the 147th District Court granted a legislative continuance until thirty days after adjournment of the regular session of the 65th Legislature. The continuance was granted pursuant to the appellant's motion under the provisions of Art. 2168a, V.A.C.S., which reads as follows:

"In all suits, either civil or criminal, or in matters of probate, pending in any court of this State, and in all matters ancillary to such suits which require action by or the attendance of an attorney, including appeals but excluding temporary restraining orders, at any time within thirty (30) days of a date when the Legislature is to be in Session, or at any time the Legislature is in Session, or when the Legislature sits as a Constitutional Convention, it shall be mandatory that the court continue such cause if it shall appear to the court, by affidavit, that any party applying for such continuance, or any attorney for any party to such cause, is a Member of either branch of the Legislature, and will be or is in

actual attendance on a Session of the same. If the member of the Legislature is an attorney for a party to such cause, his affidavit shall contain a declaration that it is his intention to participate actively in the preparation and/or presentation of the case. Where a party to any cause or an attorney for any party to such cause is a Member of the Legislature, his affidavit need not be corroborated. On the filing of such affidavit, the court shall continue the cause until thirty (30) days after the adjournment of the Legislature and such affidavit shall be proof of the necessity for such continuance, and such continuance shall be deemed one of right and shall not be charged against the party receiving such continuance upon any subsequent application for continuance. It is hereby declared to be the intention of the Legislature that the provisions of this Section shall be deemed mandatory and not discretionary.

"Notwithstanding the foregoing, the right to such continuance, where such continuance is based upon an attorney in such cause being a member of the Legislature, shall be discretionary with the Court in the following situations and under the following circumstances, and none other, to wit:

"(1) Where such attorney was employed within 10 days of the date such suit is set for trial."

The appellant's motion for the continuance was in proper form and supported by the affidavit of the Honorable Craig A. Washington. It was alleged that Washington, a member of the 65th Legislature, was an attorney representing the appellant in this cause.

The regular session of the 65th Legislature adjourned on May 30. The appellant's trial had been set for July 11 in the 147th District Court. On July 1, the following order was entered in the 147th District Court:

"ORDER

"On this the 1st day of July, 1977, this Court further considered the Motion for a Legislative Continuance heretofore filed in this cause by the defendant's attorney of record, the Honorable Craig Washington, and the said Craig Washington, having informed the Court that he desires a further legislative continuance, the Court, taking notice of the fact that the Governor of Texas has called and declared a Special Session of the 65th Legislature of the State of Texas to convene on the 11th day of July, 1977, and that the Honorable Craig Washington is a duly elected Representative for the County of Harris of the State of Texas, in said Legislature of the State of Texas.

"It is therefore ORDERED that the Defendant's Motion for a Legislative Continuance, having been again considered, is further granted, and is therefore ORDERED that this pending cause be further continued until the expiration of the 30th day following the adjournment of the Special Session of the 65th Legislature of the State of Texas.

"/s/ Mace B. Thurman, Jr.
JUDGE
147th Judicial District Court
Travis County, Texas"

The appellant did not file an additional written motion prior to the granting of the July 1 order. This order was entered pursuant to an oral communication of Representative Washington, who was and still is one of the appellant's attorneys; the communication was not made in open court, but by telephone.

The Special Session of the Legislature adjourned on July 21. A docket sheet entry reflects that the cause was set for pretrial hearing on August 18 and for trial on August 29.

The appellant's habeas corpus petition seeking bail was heard and denied in the 147th District Court on August 1, and the following order was entered:

"JUDGMENT DENYING BAIL TO PETITIONER AND FINDING OF FACT AND CONCLUSION OF LAW

"On this 1st day of August, 1977, came on to be heard the Writ of Habeas Corpus

issued herein on the 25th day of July, 1977, and the Court having found the facts as stipulated by the parties herein and having concluded therefrom that as a matter of law a continuance was requested by the accused through his attorney of record, Craig Washington, for the period of the Special Session of the Legislature set out in said Stipulation and that by reason thereof Petitioner is precluded from release under that part of Sec. 11a of Art. 1 of the Constitution of the State of Texas upon which he solely seeks relief herein, it is, therefore,

"ORDERED, ADJUDGED AND DECREED that bail be and is hereby denied Petitioner in cause number 52,244 in this Court.

"It is further, ORDERED that the above constitutes the findings of fact and conclusions of law of the Court herein.

"/s/ Tom Blackwell
Judge Presiding"

The appellant's habeas corpus petition seeking bail was heard and denied in the 216th District Court on September 12, and the following order was entered:

*"ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS*

"This the 12th day of September, 1977, came on to be heard the Application for Writ of Habeas Corpus of Frank Smith, hereinafter referred to as Petitioner, and came Petitioner in person and by counsel and announced ready for hearing of said application, and came Respondent by and through the District Attorney of Travis County, Texas, and announced ready for such hearing, and the Court, having heard and considered the evidence of both parties and the argument of counsel, makes the following findings of fact, and conclusions of law and order, to-wit:

"I.

*"FINDINGS OF FACT*

"1. The Honorable Craig A. Washington was retained by Petitioner to serve as his counsel in the above-styled and numbered cause on March 5, 1977, and has remained as an attorney of record for Petitioner continuously since such date.

"2. On February 2, 1977, the 147th Judicial District Court of Travis County, Texas, rendered and entered an order denying bail to Petitioner in said cause, which order was affirmed by the Court of Criminal Appeals of Texas on March 23, 1977.

"3. Said cause was originally set to be tried on March 28, 1977, in the 147th Judicial District Court of Travis County, Texas.

"4. On March 22, 1977, the 147th Judicial District Court of Travis County, Texas, granted a legislative continuance on the basis of a written motion signed and sworn to by Petitioner and his attorney, the Honorable Craig A. Washington, and re-set said cause to be tried on July 11, 1977.

"5. On July 1, 1977, the Governor of Texas announced the calling of a Special Session of the 65th Legislature to be convened on July 11, 1977.

"6. On July 1, 1977, the Honorable Craig A. Washington advised the Honorable Mace B. Thurman, Jr., a Judge of the 147th Judicial District Court of Travis County, Texas, by telephone that he, the said Craig A. Washington, desired a legislative continuance in Petitioner's case.

"7. On July 1, 1977, following the advice set forth in Paragraph 6 above, the 147th Judicial District Court of Travis County, Texas, entered an order granting a legislative continuance in the trial of said cause until the 30th day following adjournment of the Special Session of the 65th Legislature.

"8. The Special Session of the 65th Legislature adjourned on July 21, 1977.

"9. Prior to July 11, 1977, Petitioner, personally, and his other counsel of record, the Honorable W. V. Dunnam, Jr., learned of and were cognizant of the order entered on July 1, 1977, continuing the trial of said

cause until the 30th day following the adjournment of the Special Session of the 65th Legislature, but never attacked such order or repudiated the authority of the said Craig A. Washington to request same in behalf of Petitioner until the filing of this application on September 8, 1977.

"II.

"*CONCLUSIONS OF LAW*

"1. The Honorable Craig A. Washington was entitled to request a legislative continuance for the Special Session of the 65th Legislature, and such continuance was mandatory pursuant to Article 2168-a (V.A.C.S.)

"2. The relationship of attorney and client is one of agent and principal. 7 Tex.Jur.2d, Part 1, Attorneys At Law, Section 50, Page 77, and authorities cited therein.

"3. Ordinarily, the action of the attorney, as the representative of his client in the conduct of the case, will be binding on the client in all matters where by law the client is not specially required to act for himself. 7 Tex.Jur.2d, Part 1, Attorneys At Law, Section 80, Page 117 and authorities cited therein.

"4. Petitioner (the accused) was not required to join in making of the request for a legislative continuance. *Cuellar v. State,* 521 S.W.2d 277 (Tex.Cr.App.1975).

"5. By knowingly and voluntarily electing to not repudiate, rescind or question the authority of the said Craig A. Washington to request the legislative continuance granted by order of the 147th Judicial District Court of Travis County, Texas on July 1, 1977, Petitioner ratified such request from its inception. 2 Tex.Jur.2d, Agency, Sections 79, 93, 103 and 104, and authorities cited therein.

"6. The continuance granted by order of the 147th Judicial District Court of Travis County, Texas, dated July 1, 1977, was 'obtained' upon the 're-quest' of 'the accused' within the meaning of Article 1, Section 11–a, Constitution of The State of Texas.

"It is accordingly ORDERED, ADJUDGED AND DECREED that Petitioner's application for writ of habeas corpus be and the same is hereby denied, and Petitioner is remanded to the custody of the Sheriff of Travis County, Texas, in compliance with the order of the 147th Judicial District Court of Travis County, Texas, dated February 2, 1977 denying bail to Petitioner, to which ruling Defendant duly excepts and gives notice of appeal to the Court of Criminal Appeals of Texas at Austin, Texas.

"Signed and entered this 12th day of September, 1977.

"/s/ Robert R. Barton
Judge Presiding"

There was no objection to the findings of fact made by the Judge of the 216th District Court, and these findings are supported by the record, which consists of stipulated evidence. The trial court's conclusions of law were correct.

When a defendant files a motion supported by an affidavit under the provisions of Art. 2168a, V.A.C.S., the trial court has no discretion and must grant the continuance if it appears to the court that an attorney for the defendant is a member of the Legislature and will be or is in actual attendance of a session of the Legislature. *Cuellar v. State,* 521 S.W.2d 277 (Tex.Cr. App.1975). In this instance the trial judge had before him the appellant's written motion for a legislative continuance which was filed on March 22. It was in proper form and supported by the affidavit of his attorney, who was a member of the 65th Legislature. The trial was set for July 11, over thirty days after the 65th Legislature—Regular Session adjourned. On July 11, the day the trial was to commence, the 65th Legislature—First Called Session convened. Although another written motion for continuance was not filed, Representative Washington, a member of the 65th Legislature, who still represented the appellant, made an oral request for a legislative con-

tinuance. The order granting the continuance requested by Representative Washington was entered on July 1. The appellant and other counsel who also represented appellant were aware sometime before July 11 that the continuance had been granted. They made no protest until the habeas corpus petition requesting bond was filed on July 25. In these circumstances the appellant is estopped from successfully asserting that he did not want the continuance which was granted on July 1. A defendant need not personally join counsel in a motion seeking a legislative continuance. *Cuellar v. State*, supra. The court could not set the appellant's case for trial following the adjournment of the 65th Legislature—First Called Session until thirty days after it adjourned on July 21.

■ A defendant has a perfect right to seek a legislative continuance as the appellant did, but when he does and is also subject to the provisions of Article 1, Sec. 11a of our State Constitution, supra, we hold he may be detained without bail for sixty days following the day upon which the case could first be set for trial. It follows that the orders of both the 147th District Court and the 216th District Court denying bond should be affirmed.

The judgments are affirmed.

Opinion approved by the Court.

PHILLIPS, J., not participating.