**Ex parte Thomas Cullen DAVIS.**

No. 59929.

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 13, 1978.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order refusing to set bail with appellant contending that his right of appeal arises under the provisions of Article I, § 11a of the Texas Constitution.

Appellant is shown to be held without bail as a person accused of a felony less than capital allegedly committed while on bail for a pending felony indictment or indictments. The record reflects that appellant had been indicted for the felony offenses of capital murder and murder, returned on August 24, 1976, indicted for attempt to murder and attempted murder, and later in another indictment for an attempt to murder, which indictments were returned on February 15, 1977. It appears that appellant was released on bail in these cases. Then on September 7, 1978 a four count indictment was returned against him charging him with criminal solicitation of murder, etc., alleging offenses occurring on or about the 18th day and 20th of August, 1978. He was also indicted at the same time for the possession of a prohibited weapon. On August 22, 1978 the appellant was denied bail on the charge of criminal solicitation of murder after a hearing under the provisions of Article I, § 11a of the Texas Constitution, two days after his arrest and incarceration on such charge on August 20, 1978.[1] No appeal was taken from such order as is permitted by the constitutional provision.

Subsequently a change of venue was ordered, after a hearing, on the criminal solicitation of murder indictment from the 213th District Court of Tarrant County to the 184th District Court of Harris County.

On October 24, 1978 a hearing was held in the latter court on appellant's motion to set

Richard Haynes and Randy Schaffer, Houston, Phil Burleson and Michael P. Gibson, Dallas, for appellant.

Tim Curry, Dist. Atty., Marvin Collins, Candyce Howell, Frederick M. Schattman and Paul E. Gartner, Asst. Dist. Attys., Fort Worth, for the State.

---

1. It appears the appellant was permitted bail on the possession of a prohibited weapon charge.

bail. The record reflects that appellant filed a first motion for "continuance" on October 13, 1978 asking the case be reset for trial on the merits until November 6 or November 13, 1978 in order for further preparation of the case and the hiring of expert witnesses, etc. The written order granting the motion reset the case on October 23, 1978, ten days later. A second motion for "continuance" was filed on October 20, 1978 asking for a two weeks' delay for the testing of certain tape recordings by expert witnesses and asked for a resetting on October 30 or November 6, 1978. No written order on this motion appears in the record, but a docket sheet entry shows the case was reset until October 30, 1978. In light of the "continuance" sought and secured, the court refused to set bail. It is an appeal from this order refusing to set bail that is now before this court.

Article 17.01, V.A.C.C.P. provides:

" 'Bail' is the security given by the accused that he will appear and answer before the proper court the accusation brought against him, and includes a bail bond or personal bond."

"The prime object or purpose of bail is to secure the presence of an accused upon the trial of the accusation against him. Bail is not a revenue measure intended to be a substitute for a fine; rather, it is intended to secure the trial of the defendant instead of to mulct his securities in a penalty." 7 Tex.Jur.2d Rev., Part 2, Bail and Recognizance, § 2, p. 596; *Grantham v. State*, 408 S.W.2d 235 (Tex.Cr.App. 1966).

█ The general rule favors the allowance of bail. *Ex parte Newman*, 38 Tex. Cr.R. 164, 41 S.W. 628 (1897); *Ex parte Stephenson*, 71 Tex.Cr.R. 380, 160 S.W. 77 (1913); *Ex parte Hill*, 83 Tex.Cr.R. 146, 201 S.W. 996 (1918). "Thus, presumptions are not to be indulged against the applicant, and the power to deny or require bail will not be used as an instrument of oppression." 7 Tex.Jur.2d Rev., Part 2, Bail and

Recognizance, § 9, p. 605; *Ex parte Stephenson*, supra.

█ Article I, § 11 of the Texas Constitution provides:

"Sec. 11. All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident; but this provision shall not be so construed as to prevent bail after indictment found upon examination of the evidence, in such manner as may be prescribed by law."[2] See also Article 1.07, V.A.C.C.P.

In addition to the built-in exception to the right to bail (in capital cases where the proof is evident) set forth in § 11 above, other exceptions are contained in Article I, § 11a of the Texas Constitution as follows:

"Sec. 11a. *Any person* (1) accused of a felony less than capital in this State, who has been theretofore twice convicted of a felony, the second conviction being subsequent to the first, both in point of time of commission of the offense and conviction therefor, (2) *accused of a felony less than capital in this State, committed while on bail for a prior felony for which he has been indicted*, or (3) accused of a felony less than capital in this State involving the use of a deadly weapon after being convicted of a prior felony, *after a hearing, and upon evidence substantially showing the guilt of the accused* of the offense in (1) or (3) above or *of the offense committed while on bail in (2) above, may be denied bail pending trial, by a district judge in this State, if said order denying bail pending trial is issued within seven calendar days subsequent to the time of incarceration of the accused*; provided, however, that if *the accused is not accorded a trial upon* the accusation under (1) or (3) above or *the accusation and indictment used under (2) above within sixty (60) days from the time of his incarceration upon the accusation,* the order denying bail shall be automatically set aside, unless a continuance is obtained upon the motion or request of the ac-

---

**2.** The language in said Article I, § 11, guaranteeing bail to "all prisoners," has reference to prisoners *before conviction*. *Ex parte Ezell*, 40

Tex. 451 (1874); *Ex parte Nielssen*, 446 S.W.2d 882 (Tex.Cr.App.1969); *Ex parte Bitela*, 452 S.W.2d 501 (Tex.Cr.App.1970).

cused; provided, further, that the right of appeal to the Court of Criminal Appeals of this State is expressly accorded the accused for a review of any judgment or order made hereunder, and said appeal shall be given preference by the Court of Criminal Appeals."[3] As amended Nov. 8, 1977. (Emphasis supplied.)

The exceptions contained in Article I, § 11a, supra, to the constitutional right to bail proclaimed by Article I, § 11, supra, include the seeds of preventive detention urged by many to be abhorrent to the American system of justice. It is obvious that for these reasons the provisions of said § 11a contain strict limitations and other safeguards.

■ It is clear that in three situations bail may be temporarily denied under the provisions of Article I, § 11a, supra. This is true where in accordance with the constitutional provisions bail is denied pending trial after a hearing by a district judge and said order denying bail pending trial is issued within seven (7) calendar days subsequent to the time of the incarceration of the accused. It is thus apparent that if a district judge does not deny bail within the seven (7) days' time limitation any order to deny bail *for the first time* will not invoke the constitutional provision.

■ The original order denying bail in the instant case was issued within the seven (7) days' period, but no notice of appeal was given from this order.[4] The question thus presents itself whether the order of the 184th District Court on October 24th refusing to fix or set bail (and from which notice of appeal was immediately given) is an applicable order under the provisions of Article I, § 11a, supra. The State insists that it was just another pre-trial order and that this court is without jurisdiction to entertain this appeal.

■ Not every order relating to bail in a criminal case, even after the provisions of Article I, § 11a, supra, have once been invoked, is appealable under such constitutional enactment. In the instant case the first order denying bail was entered within the seven (7) days' time limitation and invoked the constitutional enactment. The order refusing to set bail after the expiration of sixty (60) days following appellant's incarceration on August 20, 1978 was based on the fact he had secured a "continuance." Since the constitutional provision itself provides a continuance may defeat an accused's release on bail after the expiration of the sixty (60) days after his incarceration, we conclude the order so based is appealable to this court under the provisions of Article I, § 11a, supra. We reject the State's conten-

3. Said § 11a of Article I of the Texas Constitution as adopted November 6, 1956, read:

"Sec. 11a. Any person accused of a felony less than capital in this State, who has been theretofore twice convicted of a felony, the second conviction being subsequent to the first, both in point of time of commission of the offense and conviction therefor may, after a hearing, and upon evidence substantially showing the guilt of the accused, be denied bail pending trial, by any judge of a court of record or magistrate in this State; provided, however, that if the accused is not accorded a trial upon the accusation within sixty (60) days from the time of his incarceration upon such charge, the order denying bail shall be automatically set aside, unless a continuance is obtained upon the motion or request of the accused; provided, further, that the right of appeal to the Court of Criminal Appeals of this State is expressly accorded the accused for a review of any judgment or order made hereunder."

This earlier version of said § 11a was held to be based upon a reasonable and substantial classification and did not violate constitutional rights against a class. *Ex parte Miles,* 474 S.W.2d 224 (Tex.Cr.App.1971).

The authority granted the Court of Criminal Appeals to review any judgment or order entered under the 1977 and current version of said § 11a appears to extend the jurisdiction of the court which would not be subject to "such exceptions and under such regulations as may be prescribed by law." See Article V, § 5 of the Texas Constitution.

4. The time in which notice of appeal must be given from an order or judgment entered under Article I, § 11a, supra, is not prescribed by the Constitution or by the statutes. Procedural details should not be written into constitutions, but state constitutions should provide for reasonable procedural regulations by legislative enactment.

tion that this court is without jurisdiction to entertain this appeal.[5]

■ Did the securing of a "continuance" or "continuances" at the behest of the appellant authorize the trial judge to deny bail under said § 11a?[6] The terms "postponement" and "continuance" are frequently used interchangeably, but strictly speaking, a postponement is a delay of a trial until a later day of the same term whereas a continuance is the adjournment of the case until a subsequent term of the court. 12 Tex.Jur.2d, Continuance, § 1, pp. 542–543; *Tarver v. State*, 124 Tex.Cr.R. 485, 63 S.W.2d 554 (1933).

This is supported by various statutory provisions. Article 29.05, V.A.C.C.P., provides that among the requisites of a subsequent motion for continuance the motion must show:

"2. That the applicant expects to be able to procure the attendance of the witness *at the next term of court*; and . . ." (Emphasis supplied.)

Article 29.06, § 6, V.A.C.C.P. (First motion by defendant), reads in part:

"6. That there is no reasonable expectation that attendance of the witness can be secured *during the present term of court* . . ." (Emphasis supplied.)

Article 29.07, V.A.C.C.P. (Subsequent motion by defendant), provides in part:

"2. That the defendant has reasonable expectation of procuring the same [testimony of a witness or witnesses] *at the next term of the court*." (Emphasis supplied.)

Article 29.13, V.A.C.C.P. (Continuance after trial is begun), provides in part:

"*A continuance or postponement* may be granted on the motion of the State or defendant after the trial has begun . . ." (Emphasis supplied.)[7]

The terms of the 184th Judicial District Court of Harris County commence on the first Monday in August, the first Monday in November, the first Monday in February, and the first Monday in May. Article 119a, § 3.012, V.A.C.S. Thus, the granting of a "continuance" from October 13, 1978 to October 23, 1978, and a second "continuance" from October 20 to October 30, 1978 were in effect postponements from one date to a later date within the same term of court. Since the term "continuance" is frequently used, even by members of the bench and bar, as meaning "postponement" or a delay of any kind in the trial of a case without regard to terms of court,[8] in what sense was the word used when inserted into Article I, § 11a, supra? If the word "continuance" was used within its strict legal meaning, the two ten (10) days' delays within the same term of court secured by appellant's motions for a "continuance" would not defeat his release upon bail under the provisions of said Article I, § 11a, as found by the trial court. If, however, the word "continuance" was used to mean any delay or postponement, then appellant may well have defeated any present right to bail.

■ Some years ago the methods of communications and transportation were not what they are today. Many district courts were multi-county courts and district judges were not in some counties for the

---

5. The State argued that this was not an appeal from a habeas corpus proceeding as appellant readily admitted in the trial court and here and thus could not be considered as such and that the order refusing to set bail was also not appealable under Article I, § 11a of the Texas Constitution.

6. The State argues that the granting of the "continuance" authorized the appellant to be held for another sixty (60) days without bail from October 30, 1978, the last day of the "continuance." See *Ex parte Smith*, 555 S.W.2d 756 (Tex.Cr.App.1977).

7. Here the statute makes clear there is a distinction between a continuance and a postponement.

8. It is observed that Article 2168a, V.A.C.S., provides for a legislative continuance where the attorney is a member of the Legislature. The continuance provided is for the duration of the session or special session with thirty (30) days before and thirty (30) days after said session being included. The continuance involved does not appear to turn on the terms of court. See and cf. *Ex parte Smith*, 555 S.W.2d 756 (Tex.Cr.App.1977).

purpose of holding court except at the term of court for a particular county. If a motion for continuance was granted, it was understandable that the case could not be reached until the next term of court in that county. Communications and transportation are greatly improved today and judges in multicounty district courts do not wait until term time to transact judicial business in certain counties. The importance of term time has been greatly diminished, and many courts now have continuous terms. As earlier noted, the bench and bar use the term "continuance" interchangeably with any delay or postponement, and a legislative continuance, Article 2168a, V.A.C.S., certainly does not conform to the terms of court which vary from court to court, some in the same county. We conclude that the term "continuance" as used in said § 11a means any delay or postponement requested by the defendant rather than the strict legal meaning that may be attributed to a continuance.

We are immediately confronted with the question of whether a defendant, held without bail under the second situational provision of said § 11a, loses his present right to bail when he asks and receives a "continuance" on either the accusation or the pending indictment? Or must he have asked and received a "continuance" on both before his present right to bail can be denied?

It is observed said § 11a provides in part:

". . . provided, however, that *if the accused is not accorded a trial upon the accusation under (1) or (3) above or the accusation and indictment used under (2) above within sixty (60) days* from the time of his incarceration upon the accusation, the order denying bail shall be automatically set aside, *unless a continuance is obtained upon the motion or request of*

*the accused . . .*" (Emphasis supplied.)

It is noted that the provision for a trial within sixty (60) days is to be upon the *accusation* in situations (1) and (3) above and upon the *accusation and indictment* in situation (2) above. (1) and (3) involve prior felony convictions while (2) does not but involves a pending felony indictment in addition to the accusation.

■ Thus, appellant argues and we agree that an accused held without bail under the second situational provision of the constitutional enactment must be accorded a trial upon *both* the accusation and the pending indictment within sixty (60) days after his incarceration upon the accusation or the accused is entitled to bail on the accusation. This is clear from the very language of the constitutional provision itself and is supported by evidence in this record showing such interpretation being offered before the Criminal Matters Subcommittee of the Senate Jurisprudence Committee on March 1 and 8, 1977 and before the whole Senate Jurisprudence Committee on March 17, 1977 on consideration of Senate Joint Resolution No. 3 of the 65th Legislature, which became the amended version of Article I, § 11a of the Texas Constitution when adopted by the voters of this state. This may seem a harsh interpretation as far as the prosecution is concerned, but it should be remembered we are here dealing with the denial of bail because one pending felony charge (for which the accused is on bail) is followed by the alleged commission of a felony less than capital in both of which charges he retains the presumption of innocence. Article 38.03, V.A. C.C.P.; V.T.C.A., Penal Code, § 2.01.[9] As

---

9. Appellant points out that he was indicted in 1976 for a capital murder offense in addition to the charges that were pending at the time of his incarceration of the solicitation of murder charge on August 20, 1978. He asserts he was denied bail on this earlier charge, and appealed without avail. *Ex parte Davis*, 542 S.W.2d 192 (Tex.Cr.App.1976). He asserts in his brief he was subsequently acquitted by a jury in 1977 of this additional capital murder charge and the

State's position was that one individual had shot each of the four victims in that capital murder case (where he was acquitted) and the other cases pending upon his arrest for solicitation of murder charge. He urges that the only disputed element of the offenses was the identity of the assailant, and that the acquittal by the jury in the capital murder case conclusively resolved this issue against the State for all time. See *Ashe v. Swenson*, 397 U.S. 436, 90

mentioned earlier, said Article I, § 11a, contains modern exceptions to the constitutional right to bail, a valuable right of all Texas citizens, and it is by no accident that severe limitations and safeguards were written into the constitutional enactment.[10]

We are now faced with the question of whether a "continuance" obtained upon either the "accusation" or the pending indictment defeats the present right to bail. While we agree that a defendant must be accorded a trial on both the accusation and the pending felony indictment within sixty (60) days, we conclude that when a defendant requests and receives "a continuance" upon either the accusation or pending indictment he defeats his right to present bail. For how long is his right to bail defeated by such action on his part? *Ex parte Smith*, 555 S.W.2d 756 (Tex.Cr.App. 1977), is instructive in this matter, and in accordance with such decision we hold that a defendant who has been properly denied bail under Article I, § 11a of the State Constitution, and who requests and receives a "continuance" is not entitled to bail for sixty (60) days from the last day in the time period provided for by the "continuance" granted.

Thus in the instant case, the appellant is not entitled to bail until sixty (60) days from October 30, 1978, the last day of the second continuance requested and obtained (December 30, 1978). Whether the appellant will be actually entitled to bail on that date may well depend on other circumstances. The record before this court reflects that the trial on the accusation of solicitation of murder is now in progress. If the appellant is acquitted by December 30, 1978, then the question of bail will have become moot. If, on the other hand, the appellant is convicted, his right to bail may be governed by the provisions of Article 44.04, V.A.C.C.P., as amended 1977.

The State argues that in addition to the constitutional enactment appellant also is not entitled to bail since it has been shown that the trial upon the solicitation of murder charge has commenced in the 184th District Court of Harris County. The State contends that *before trial* an accused has a constitutional right to bail with certain exceptions, see Article I, §§ 11 and 11a, supra,[11] and that *after conviction* his right to bail, if any, is fixed by Article 44.04, V.A.C.C.P., but that *during trial* he has neither constitutional nor statutory bail rights. The State, in its brief, carefully traces the history of the statutes relating to bail during trial, noting in the early Code of Criminal Procedure in this state a defendant in a felony case was required to be taken into custody when the trial commenced and bail, if the accused had been released on bail, was then considered discharged. As the State observes, this procedure was changed in 1907 to permit an accused in a felony case who had previously been released on bail to remain on such bail until a verdict of guilty was returned. Article 44.04, V.A.C.C.P., as enacted as part of the 1965 Code of Criminal Procedure, contained the following provision:

S.Ct. 1189, 25 L.Ed.2d 469 (1970). Appellant candidly admits the record before us in this case is not adequate for this court to determine if the doctrine of collateral estoppel is applicable and that the trials upon the pending charges can never be legally tried, but argues the State knows this and has unfairly been using the pending indictments in bad faith to prevent bail in this case. In light of the record before us, we cannot pass on this contention.

**10.** As a practical matter, in many cases, the conclusion of a trial upon either the accusation or indictment will render the provisions of Article I, § 11a, supra, inapplicable. If an accused is acquitted of the accusation, the question of bail on that charge becomes moot. If acquitted of the pending indictment, then there is no

longer any pending indictment and the provisions of the constitutional enactment are no longer applicable. If convicted of the accusation, then other rules of bail become applicable and the constitutional enactment passes out of the picture. If convicted upon the pending indictment, then there is a conviction and no longer a pending indictment rendering the terms of the constitutional enactment inapplicable.

**11.** It has been held that the language in said Article I, § 11 of the Texas Constitution, guaranteeing bail to "all prisoners" has reference to prisoners *before* conviction. *Ex parte Nielssen*, 446 S.W.2d 882 (Tex.Cr.App.1969); *Ex parte Bitela*, 452 S.W.2d 501 (Tex.Cr.App.1970).

"(b) If the defendant is on bail when the trial commences, he shall have the same right to remain on bail during the trial of the case and until the return into court of the verdict as he had under the law before the trial commences."

The State, however, calls attention to the fact that said Article 44.04 has been amended and rewritten (Acts 1977, 65th Leg., p. 636, ch. 234, § 1, eff. Aug. 29, 1977), and that the quoted provision above is no longer to be found in the statute or elsewhere in the Code of Criminal Procedure. Hence, the State reasons that there is now no statutory authority for bail during trial.[12] It is true that the above quoted provision has been deleted, whether by design or oversight, we cannot tell.[13] It may well be that the drafters of the 1977 amendment thought the eliminated provision was out of place in a statute dealing with bond pending appeal.

Whatever interpretation may be eventually placed on the right to bail pending trial in view of the amendment to Article 44.04, supra, that question is not now before this court. The court denied bail in the instant case under the provisions of Article I, § 11a, supra, because the appellant had requested and obtained "continuances." Trial had not been commenced. We today affirm the trial court's action on that basis. We do not reach the question proffered by the State.

In summary, we hold that this court has jurisdiction of an appeal under Article I, § 11a of the State Constitution where the right to bail is denied thereunder because the accused has sought a continuance. We further hold that "continuance" as used in the said constitutional enactment means any delay or postponement rather than its strict legal meaning. We further conclude that an accused held without bail under the second situational provision of the said constitutional enactment is entitled to a trial upon both the accusation and indictment within sixty (60) days of his incarceration on the accusation by the clear language of the enactment, but a requested continuance on the part of the accused in either the accusation or indictment will result in the denial of bail for sixty (60) days after the last day of the continuance.

The order of the trial court denying bail is affirmed.

W. C. DAVIS, J., concurs in the result.

12. See and cf., however, Article 17.09, V.A.C. C.P., and the Special Commentary thereto.

13. It appears that former § (a) of said Article 44.04 (1965) was re-drafted into §§ (a) and (b) in the 1977 amendment and the former § (b) was left out.