PD-0479-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/30/2015 12:40:21 PM
Accepted 5/1/2015 10:29:59 AM
ABEL ACOSTA
CLERK

NO. _____

_____

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

_____

EX PARTE
RODARRIAN D. ARMSTRONG

_____

On appeal from the Ninth Judicial District
Court of Appeals, Beaumont, Texas
Appellate Cause No. 09-14-00522-CR
and
The 1st Judicial District Court of Jasper County, Texas
Cause No. 12,170JD

_____

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

_____

Dennis D. Horn
SBN: 24034489
Attorney At Law
1075 CR 619
Kirbyville, Texas 75956
(409) 420-0771
(409) 420-0772 fax
horden@hotmail.com
ATTORNEY FOR APPELLANT

FILED IN
COURT OF CRIMINAL APPEALS

May 1, 2015

ABEL ACOSTA, CLERK

ORAL ARGUMENT IS NOT REQUESTED
UNLESS A STATE REQUEST FOR ORAL
ARGUMENT IS GRANTED

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court's appealable order as well as the names and addresses of all trial and appellate counsel.

PARTIES

Appellee: The State of Texas

Appellee Counsel:  Steve Hollis
District Attorney
121 N. Austin, Room 121
Jasper, Texas 75951

Appellant: Rodarrian D. Armstrong
101 Burch Street
Jasper, Texas 75951

Appellant Counsel:  Dennis D. Horn
Attorney At Law
1075 CR 619
Kirbyville, Texas 75956

Trial Court:  The Honorable Craig M. Mixson
District Judge
121 N. Austin, Room 205
Jasper, Texas 75951

## TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................. 4

STATEMENT ON ORAL ARGUMENT...........................................5

STATEMENT OF THE CASE................................................................ 5

STATEMENT OF PROCEDURAL HISTORY................................................. 5

GROUND FOR REVIEW- EXCESSIVE BOND............................................ 6

ARGUMENT ...................................................................................... 5

PRAYER...........................................................................................8

CERTIFICATE OF DELIVERY....................................................... 9

CERTIFICATE OF COMPLIANCE ................................................. 9

APPENDIX ......................................................................................10

## INDEX OF AUTHORITIES

CASES:

Ex parte Davis, 574 S.W. 2d 166, 168 (Tex.Crim.App. 1978) ............................................6
Ex parte Prelow, 929 S.W.2d 54, 55 (Tex.App.–San Antonio 1996, no pet.) ....................6
Trammel v. State, 529 S.W.2d 528, 529-30 (Tex.Crim.App. 1975) ...................................6

TEXAS CODES:

Tex. Code of Crim. Proc., Art. 1.09 ...................................................................................6
Tex. Code of Crim. Proc., Art. 17.01 .................................................................................6
Tex. Code of Crim. Proc., Art. 17.15  ...............................................................................6,7

TEXAS CONSTITUTION

Article 1, Sections 11, 13 ...................................................................................................6

UNITED STATES CONSTITUTION

8th Amendment ....................................................................................................................6

## STATEMENT ON ORAL ARGUMENT

The issue in this matter is straightforward, unambiguous, and can be effectively addressed in written briefs without oral argument. Oral argument is therefore waived unless the State is granted oral argument. If the State is granted oral argument, Appellant request oral argument to respond to the State's oral argument.

## STATEMENT OF THE CASE

On May 28, 2014, Jasper city police responded to a shooting call to find Obrien Parks (victim) suffering from a gunshot wound. Interviews with witnesses alleged that Appellant, an eighteen year old male, and the victim had words earlier in the day. Appellant later returned to confront the victim at his residence, at which time the victim displayed a firearm at Appellant. Appellant left but returned to the victim's residence to see him pointing the same firearm out the window at Appellant. Appellant retrieved a shotgun from a vehicle and shot one time at the victim striking him in the face and chest. The victim was later pronounced dead upon arrival at the hospital.

## STATEMENT OF PROCEDURAL HISTORY

Appellant is currently a prisoner held in the Jasper County jail after being arrested on May 28, 2014, and charged with murder. Defendant's original bond was set at $1,000,000.00. On October 6, 2014, Appellant filed a Motion to Set Reasonable Bail. A hearing was held on October 10, 2014, and the Court set Appellant's bond at $800,000.00. On November 7, 2014, Appellant filed his Writ of Habeas Corpus Motion to Set Reasonable Bail. (CR1,p.28-32). After hearing Appellant's Application on November 20, 2014, the trial court continued Appellant's bond at $800,000.00 (CR, p.58). On December 3, 2014, Appellant filed his Notice Of Appeal. (CR, p.53). On April 1, 2015, the Ninth Court of Appeals affirmed the bail decision of the trial

court.

## GROUND FOR REVIEW

(1) The trial erred in setting Appellant's bond at $800,000.00. The amount of bond set in this case is in direct conflict with the Texas Code of Criminal Procedure, Texas Constitution, U.S. Constitution, and current case law.

## ARGUMENT

Pursuant to Texas Code of Criminal Procedure (TCCP) Article 1.09, excessive bail shall not be required. "Article 1.09 ... proscribes excessive bail. The primary purpose of an appearance bond is to secure the presence of the defendant in court for the trial of the offense charged. Bail should be set sufficiently high to give reasonable assurance that the defendant will appear at trial, but it should not be used as an instrument of oppression." Ex parte Prelow, 929 S.W.2d 54, 55 (Tex.App.–San Antonio 1996, no pet.) Additionally, Article 17.01 of the TCCP states that "bail is the security given by the accused that he will appear and answer before the proper court the accusation brought against him, and includes a bail bond or a person bond." The general rule favors the allowance of bail. Thus, presumptions are not to be indulged against the applicant, and the power to deny or require bail will not be used as an instrument of oppression. Ex parte Davis, 574 S.W. 2d 166, 168 (Tex.Crim.App. 1978)  The purpose of bail is to secure the presence of an accused upon trial of an accusation against him. It is not a revenue measure intended to be a substitution for a fine, but is intended to secure the trial of the alleged offender rather than turn his securities or those of his bondsman into a penalty. Trammel v. State, 529 S.W.2d 528, 529-30 (Tex.Crim.App. 1975)  "The power to require bail is not to be so used as to make it an

6

instrument of oppression." Article 17.15(2) TCCP. Under the Eighth Amendment of the United States Constitution and Article 1, Sections 11 and 13 of the Texas Constitution, all prisoners shall be bailable by sufficient sureties and excessive bail shall not be required.

Appellant was arrested on May 28, 2014, and charged with murder. Appellant was arraigned on the charge and bond was set at $1,000,000.00, but was subsequently reduced to $800,000.00. Appellant filed a Writ of Habeas Corpus Motion for Reasonable Bail and a hearing was held on November 20, 2014. At this hearing Appellant testified that he had lived in Jasper all his life, his father also lives in Jasper, and that if he were to make bond, he would stay at an aunt's house in Jasper. Appellant stated that his family nor anyone else has the ability to get a loan or anything else to obtain funds for a bond, he did not have any way to secure a loan or any other means to make a $800,000.00 bond.

Article 17.15 of the TCCP states the rules for fixing the amount of bail. Under subsection (1), bail shall be sufficiently high to give reasonable assurance the defendant will appear, however subsection (2) states that bail is not to be so used an instrument of oppression. Additionally, pursuant to subsection (3), the nature of the offense and the circumstances under which it was committed are to be considered, and subsection (4) states the ability to make bail is to be regarded. Finally, under subsection (5), the future safety of the victim and the community shall be considered.

Appellant's bond is currently set at eight hundred thousand dollars for a first degree felony. Although murder is a very serious charge, there appear to be extenuating circumstances in this case, and no evidence was presented of any prior criminal history on Appellant or that he might be a flight risk. He does not have any money and his ability to secure funds to make any form of bond are severely limited. Additionally, the State did not raise any concerns about the future safety of the

7

community for this appears to be an isolated incident with no reference to prior acts of violence by Appellant. As stated in the U.S. Constitution, the Texas Constitution, and the TCCP the purpose of bond is: to secure the appearance of the defendant in court. Appellant stated that he nor any of his family members had the ability to make a bond of that amount. Appellant has resided in this city all his life with family members in the community and would reside with an aunt if he made bond. These close ties with the county favor a reasonable bond in conformance with amounts set in similar first degree felony cases.

The amount of bond set in this case is in direct conflict with the above listed code sections, articles, and case law. To set bond at $800,000.00 on a first degree felony on a defendant with no prior criminal history or evidence of a flight risk is using bond as a form of oppression and is totally out of line with other bonds set in this county for this degree of felony.

<u>PRAYER</u>

WHEREFORE, Appellant prays that his petition for discretionary review be granted and that, on hearing, the judgment of the Ninth Court of Appeals by reversed and vacated and the cause remanded to the trial court with instructions to release Appellant on a personal bond or set bail in an amount which this Court determines Appellant can clearly afford.

Respectfully submitted,

/s/ Dennis D. Horn
Attorney For Appellant
SBN: 24034489
1075 CR 619
Kirbyville, Texas 75956
Tel:(409) 420-0771
Fax: (409) 420-0772

Certificate of Delivery

This is to certify that, on this date, the undersigned served this Petition for Discretionary Review on Steven M. Hollis, District Attorney, by hand delivery of same to the office of the Criminal District Attorney for Jasper County, Texas, at 121 N. Austin, Room 101, Jasper, TX 75951.

Signed this 30th day of April, 2015.

/s/_____
Dennis D. Horn
Attorney For Appellant

## RULE 9.4 CERTIFICATE OF COMPLIANCE

Using the WordPerfect X7 word count utility, I have determined that this document contains 790 words, not including the "caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service certification, certificate of compliance, and appendix." TRAP 9.4.

/s/_____
Dennis D. Horn

## APPENDIX

Attached hereto is a true and correct copy of the opinion of the Ninth Court of Appeals.

EX PARTE RODARRION D. ARMSTRONG

_____

**On Appeal from the 1A Judicial District Court**
**Jasper County, Texas**
**Trial Cause No. 12170JD**

_____

## MEMORANDUM OPINION

Appellant Rodarrion D. Armstrong (appellant or Armstrong) appeals the denial of his pretrial habeas corpus application requesting bail reduction. We affirm.

BACKGROUND

According to appellant's brief,[1] Jasper City Police responded to a call about a shooting, where they found the victim, Obrien Parks (Obrien), suffering from a

---

[1]This matter involves a pretrial issue and therefore, solely for purposes of our review on this matter, any references to the underlying facts of the alleged

gunshot wound. Witnesses allege that Armstrong, an eighteen-year-old male, and Obrien had a disagreement earlier that day, and Armstrong confronted Obrien at Obrien's residence. Obrien allegedly displayed a firearm at Armstrong, and Armstrong left. Later, Armstrong returned to the victim's residence, where Obrien pointed the firearm out the window at Armstrong. Armstrong then retrieved a shotgun from a vehicle and fired one shot at Obrien, striking Obrien in the face and chest. Obrien was later pronounced dead on arrival at the hospital. Armstrong was arrested and indicted for first-degree felony murder. *See* Tex. Penal Code Ann. §19.02(b), (c) (West 2011).

The trial court originally set bail at one million dollars. Armstrong filed a Motion to Set Reasonable Bail. After a hearing on the motion, the trial court reduced Armstrong's bond to eight hundred thousand dollars. Armstrong then filed an Application for a Writ of Habeas Corpus Seeking a Reasonable Bond.

At the habeas hearing, Armstrong testified that he was incarcerated in the Jasper County Jail and that he had no means to secure an $800,000 bond or a loan. He testified that his family members do not have any money, they have not visited him in jail, and he is not going to get any help from his family. According to Armstrong's testimony, he has lived in Jasper all his life, and if he were to make

_____
offense as stated in this Memorandum Opinion will be taken from Armstrong's brief on appeal.

2

bond, the only place he could go would be his aunt's home in Jasper. However, Armstrong also testified that his mother lives in Harris County. The trial court gave the State "a little latitude" in cross-examining Armstrong regarding the facts of the offense and instructed the State, "Don't get too much into the facts of the case." Nevertheless, the parties agreed on the record that Armstrong was under indictment for murder. The trial court denied Armstrong's request to reduce bail. The trial court continued Armstrong's bond at eight hundred thousand dollars. On appeal, Armstrong argues the bail is excessive under the Texas Code of Criminal Procedure and the United States and Texas Constitutions.[2]

## REVIEW OF TRIAL COURT'S SETTING OF BAIL

We review a trial court's ruling on the setting of bail under an abuse of discretion standard of review. *See* Tex. Code Crim. Proc. Ann. art. 17.15 (West 2005) (affording a trial court discretion to set bail); *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981). The defendant has the burden to show the bail set by the trial court is excessive. *Ex parte Rodriguez.* 595 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1980). The trial court's ruling will not be disturbed if it is within the zone of reasonable disagreement. *Clemons v. State*, 220

---

[2]The record includes limited information regarding the circumstances under which the alleged offense occurred, and there is no evidence in the record before us as to whether Armstrong had a prior criminal record, whether he had a prior work history, or if there were any previous and outstanding bail amounts.

S.W.3d 176, 178 (Tex. App.—Eastland 2007, no pet.) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)). The United States and Texas Constitutions prohibit excessive bail. U.S. Const. amends. VIII, XIV; Tex. Const. art. I, §§ 11, 13. Additionally, the Code of Criminal Procedure sets forth rules for the trial court in setting bail. *See* Tex. Code Crim. Proc. Ann. art. 17.15. Other factors that may be considered in determining the amount of bail include family and community ties, length of residency, aggravating factors involved in the offense, the defendant's work history, the defendant's prior criminal record, and previous and outstanding bail. *Ex parte Rubac*, 611 S.W.2d at 849.

An appearance bond secures the presence of a defendant in court for trial. *Ex parte Rodriguez*, 595 S.W.2d at 550. The trial court should set bail sufficient to provide reasonable assurance the defendant will appear at trial, but not so high as to be oppressive. *Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex. Crim. App. 1980). The right to a reasonable bail is protected by the United States and Texas Constitutions. *Ex parte Sabur-Smith*, 73 S.W.3d 436, 439 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Bail is excessive if it is "set in an amount greater than [what] is reasonably necessary to satisfy the government's legitimate interests." *Ex parte Beard*, 92 S.W.3d 566, 573 (Tex. App.—Austin 2002, pet. ref'd) (citing *United*

*States v. Salerno*, 481 U.S. 739, 753-54 (1987)). When setting the amount of bail, the trial court weighs the State's interest in assuring the defendant's appearance at trial against the defendant's presumption of innocence. *Id.* The amount of bail may be deemed oppressive when the trial court sets the bail at an amount "for the express purpose of forcing [a defendant] to remain incarcerated." *Ex parte Harris,* 733 S.W.2d 712, 714 (Tex. App.—Austin 1987, no pet.).

ANALYSIS

To determine whether the trial court abused its discretion, we consider the rules found in article 17.15 of the Code of Criminal Procedure as well as the factors set out in *Rubac*. *See* Tex. Code Crim. Proc. Ann. art. 17.15; *Ex parte Rubac*, 611 S.W.2d at 849. The habeas applicant has the burden to establish that the bail is excessive. *Montalvo v. State*, 315 S.W.3d 588, 592-93 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

The primary purpose of an appearance bond is to secure the presence of the accused at trial on the offense charged. *Ex parte Rodriguez*, 595 S.W.2d at 550. The amount of bail must be high enough to give reasonable assurance that the accused will appear, but the power to require bail should not be used as an instrument of oppression. *Id.*; *Ex parte Ivey*, 594 S.W.2d at 99; *Ex parte Harris*, 733 S.W.2d at 714. According to the record before us, Armstrong did not present

5

any evidence at the habeas hearing that the trial court set bail in his case for the express purpose of forcing him to remain incarcerated. Furthermore, Armstrong presented no evidence about any discussions with bail bondsmen or any evidence about how much Armstrong believes the bail should be or what amount he could satisfy. *Montalvo*, 315 S.W.3d at 595. The trial court could have believed or disbelieved all or part of Armstrong's testimony, and could accord that testimony with the weight the trial court thought the testimony warranted. *See* Tex. Code Crim. Proc. Ann. art. 36.13 (West 2009), art. 38.04 (West 1979); *Ex parte Mowbray*, 943 S.W.2d 461, 465 (Tex. Crim. App. 1996).

The nature of the offense and the circumstances surrounding the offense are primary factors in determining what constitutes reasonable bail. Tex. Code Crim. Proc. Ann. art. 17.15(3). In considering the nature of the offense, it is proper to consider the possible punishment. *Ex parte Vasquez*, 558 S.W.2d 477, 479-80 (Tex. Crim. App. 1977). When the nature of the offense is serious, a lengthy prison sentence following a conviction is probable. *Ex parte Hulin*, 31 S.W.3d 754, 760 (Tex. App.—Houston [1st Dist.] 2000, no pet.). Therefore, the pretrial bail must be set sufficiently high to secure the presence of the accused at trial because the prospect of a lengthy sentence might decrease the chance that the accused will appear. *See id.* at 761.

The record reflects that the State indicted Armstrong for intentionally or knowingly causing the death of Obrien by shooting him with a gun, a first-degree felony. *See* Tex. Penal Code Ann. § 19.02(b), (c). According to Armstrong's brief, he shot Obrien once, striking him in the face and chest. As a first-degree felony, the offense carries a sentence of five to ninety-nine years or life imprisonment, and a fine not to exceed $10,000. *Id.* § 12.32 (West 2011). Thus, the record reflects that the nature of the offense is very serious and it carries a possible life sentence.

The ability of an accused to post bail is a factor to be considered, but the inability to make the bail set by the trial court does not automatically render the bail excessive. *See Ex parte Vance*, 608 S.W.2d 681, 683 (Tex. Crim. App. [Panel Op.] 1980); *Golden v. State*, 288 S.W.3d 516, 519 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). This is true even if the accused is determined to be indigent. *Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980).

Armstrong presented some evidence that he could not afford to post bail. Although the record reflects that the trial court appointed Armstrong counsel based on his indigence, Armstrong did not present any evidence regarding his attempts to secure bond or his work history. The accused's inability to make bail, even to the point of indigence, does not control over the other factors because if the ability to make bail controlled, then the role of the trial court would be completely

7

eliminated, and the accused would be in the position of determining his own bail. *See Ex parte Hunt*, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth 2004, pet. ref'd); *Ex parte Parker*, 26 S.W.3d 711, 712 (Tex. App.—Waco 2000, no pet.).

As noted previously, a trial court may also consider the defendant's work history, prior criminal record, his family and community ties, length of residency, aggravating factors in the offense, and previous and outstanding bail. *Ex parte Rubac*, 611 S.W.2d at 849. Armstrong presented no evidence regarding his work history or his prior criminal record, or lack thereof.[3] Although he testified he has lived in Jasper all his life and the only place he could go if released on bond would be his aunt's home in Jasper, Armstrong admitted that none of his family members had visited him while in prison. Therefore, the *Rubac* factors do not weigh in favor of a reduction of his bail.

## CONCLUSION

Armstrong bears the burden of demonstrating that the amount of the bond is excessive. *See Ex parte Rubac*, 611 S.W.2d at 849; *Ex parte Rodriguez*, 595 S.W.2d at 550. Armstrong failed to meet his burden. We cannot say the trial court's denial of Armstrong's application for writ of habeas corpus seeking a bail

---

[3]We note that appellant asserts in his brief that he has no prior criminal history, however such evidence was not presented at the hearing.

8

reduction was outside the zone of reasonable disagreement. Accordingly, the trial court did not abuse its discretion. We affirm the trial court's order.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on March 18, 2015
Opinion Delivered April 1, 2015
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.